Russell L. OBREMSKI, Petitioner–
Appellant,

v.

S. Frank THOMPSON, Respondent–
Appellee.

No. 00–35273.
D.C. No. CV 97–00196–PA.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 2001.

Decided May 17, 2001.

Before GOODWIN, GREENBERG,*

* The Honorable Morton I. Greenberg, United States Circuit Judge for the Third Circuit,

**510**

and RAWLINSON, Circuit Judges.

MEMORANDUM **

Russell Obremski appeals a judgment denying relief under a petition challenging on due process and equal protection grounds a decision of the Oregon State Parole Board to deny him a new release date after his parole was revoked for violation of a term of parole. We affirm.

In 1969 Obremski was convicted of two counts of murder committed under circumstances that attracted substantial public interest. On October 15, 1986, the Board set a March 8, 1987 parole release date for Obremski, news of which was reported in the media. On November 14, 1986, in response to public reaction to Obremski's impending parole release date, the Board ordered Obremski to undergo a "current psychological evaluation to verify that ... Obremski is no longer a danger to the health and/or safety of the community."

Following psychiatric evaluation, Obremski was released on parole on November 8, 1993. He was given strict instructions, that, because of his criminal history involving the use of alcohol, any use of alcohol or drugs while on parole would be "absolutely" unforgivable. Four months later he was arrested on a charge of child abuse. He was acquitted of the criminal charge, but during the investigation after his arrest, the Parole Board learned that he had admitted drinking alcohol.

On March 20, 1994, Obremski's parole officer, issued a notice of parole violation that included allegations that Obremski had violated his parole by violating the law, consuming alcohol, and failing to take antabuse. On October 17, 1994, Obremski waived his right to a parole revocation hearing, and returned to prison. The Board ordered a psychological evaluation of Obremski prior to a future disposition hearing, which at that time was required in each case of a parole revocation. Following further psychological examinations, on December 7, 1994, the Board held Obremski's "future disposition" hearing. The state characterized the hearing as an administrative hearing in which testimony is taken, and the prisoner has an opportunity to be heard, but does not have the right to counsel, confrontation, cross examination and other common features of a formal trial.

In his federal habeas corpus petition, Obremski contended that the hearing denied him due process because it was held by a Board that was biased against him, and he was denied equal protection of the laws because the Board regularly released convicted murderers whose crimes and parole violations were as bad as his.

The district court held that the Board had discretion under state law to fix a future release date, or to deny a future release date. The court found that the Board did not act with improper motives, and fully considered the professional reports and other evidence relevant to the public safety issues surrounding another release on parole. The court held that Obremski was not denied due process. We agree.

On appeal, Obremski argues that the district court denied him discovery, which, if granted, would have permitted him to document his claim that other convicted murderers were regularly released on parole, and that he therefore had been discriminated against, because his crimes had

sitting by designation.
** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

achieved a greater degree of public notoriety than had the crimes of other convicts who were paroled. He also argued that his "future disposition" hearing had been so unfair as to be a denial of due process. The district court held that there was no evidence of denial of equal protection of the law because the characteristics of individuals and their behavior on parole make parole decisions especially fact specific and discretionary.

The district court reviewed the Board proceedings and quoted the Board's statement of its reasons for denying a release date at that time:

> We've reviewed all of the records and our concern is that you're not the typical or common parolee. You're here for two murders, both of which occurred while you were drinking alcohol. As we look a[t] your criminal history, it dates back to 1960's when you were 12 and 14–years old, where there was assaultive behavior and it continues through your entire adult life with incarcerations in Walla, Walla, for carnal knowledge, all of those involving alcohol and substance abuse. When Dr. Davis gave you the benefit of the doubt, the one thing he said was no alcohol. That was the thing that would make you dangerous; that was the thing, the predictor, that would let us know you would be a danger in the community. On supervision, you were given everything the state had to offer. As Mr. Wilson pointed out, you were in constant contact with mental health people, with alcohol providers[,] you had a support-system and a fiancee, you had a woman who actually told you that day, "don't drink." I don't know what else we could do on supervision that would keep you from drinking and keep you safe. This went beyond poor judgment on your part because it took a conscience effort. You had to think about it and you made the decision to not take your antabuse in order to drink. This went beyond poor judgment. With that, the Board has adopted the findings of the hearing officer and made the additional findings as you've just heard. We're basing our decision on ORS 144.343. We're also basing it on the OAR 255–75–079 and also with reference to OAR 96. We find that you have engaged in a repetitive-type of conduct associated with the commitment offense, or past conditions. In other words, you returned to alcohol use. With that, the Board has decided to revoke your parole and require that you serve the remainder and the balance of your life sentence.

The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *Obremski v. Board of Parole and Post–Prison Supervision*, 142 Or.App. 311, 920 P.2d 181, *rev. denied* 324 Or. 394, 927 P.2d 600 (1996). The district court denied relief after concluding that there was no evidence of bias or discriminatory purpose in denying Obremski a release date.

Because Obremski filed his petition after April 24, 1996, it is governed by 28 U.S.C. § 2254 as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir.1997) (en banc); *La Crosse v. Kernan*, 244 F.3d 702, 704 n. 2 (9th Cir. 2001). Under the relevant provision of the AEDPA, a federal court may grant relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

In this case we "are presented with a state court decision that is unaccompanied by any ratio decidendi." *Delgado v. Lew-*

*is,* 223 F.3d 976, 982 (9th Cir.2000). Accordingly, we must independently review the record to determine whether the state court's decision was contrary to or an involved an unreasonable application of controlling federal law. *See Id.* at 981–82.

Notwithstanding the evidence in the record that the Parole Board was aware of considerable public dissatisfaction with Obremski's three-month release on parole, which was apparently more or less compelled by internal parole regulations in effect at the time, the district court found no evidence that the Board had yielded to public pressure, or had any other improper, or discriminatory motive in denying a new release date after Obremski's uncontested revocation for use of alcohol while on parole.

The district court permitted Obremski to offer, and then over the state's objection, considered, Obremski's evidence that other murderers had been placed on parole during the time period relevant to this case. The district court nonetheless held that parole is a matter of judgment, committed to the discretion of the Board, and unless it exercises its judgment in an illegal, unfair, or arbitrary and capricious manner, it is not subject to federal review. There was virtually no evidence that Obremski was a fit candidate for release. The only evidence in his favor was that his institutional adjustment was good, and that when he refrained from the use of alcohol, he was not particularly dangerous. There was abundant evidence that he could not, or would not, control his use of alcohol when outside the institution, and accordingly that he was not likely "at this time" to succeed on parole. The district court committed no legal or factual error in denying relief.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

The respondent's objection to the petitioner's supplemental memoranda and exhibits is overruled.

AFFIRMED.