Donald Edward **MURDAUGH,**
Petitioner–Appellant,

v.

Ernest C. **ROE,** Warden; California State Attorney General, Respondents–Appellees.

No. 01–55274.

D.C. No. CV–96–08234–WJR.

United States Court of Appeals, Ninth Circuit.

Submitted April 8, 2002.*

Decided April 17, 2002.

Before BROWNING, KLEINFELD and GOULD, Circuit Judges.

## MEMORANDUM**

California state prisoner Donald Edward Murdaugh appeals the district court's denial of his 28 U.S.C. § 2254 petition, challenging his state conviction for first-degree residential burglary and first-degree residential robbery in violation of California Penal Code §§ 211 and 459. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Murdaugh contends that his constitutional rights were violated when the district court permitted the readback of wit-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

ness testimony during jury deliberation outside of his presence on June 20, 1988. We review de novo the district court's decision to deny a 28 U.S.C. § 2254 petition. *Alvarado v. Hill*, 252 F.3d 1066, 1068 (9th Cir.2001).

As both parties concede, the Supreme Court has never articulated a right to be present at the readback of witness testimony during jury deliberations. *See La Crosse v. Kernan*, 244 F.3d 702, 707–08 (9th Cir.2001) (holding that a criminal defendant's absence from the readback of testimony does not warrant habeas relief, due to divergence in opinion whether or not it is a critical stage of the trial and the lack of clear guidance from the U.S. Supreme Court on the subject). Accordingly, the state court's decision was not contrary to federal law so as to warrant habeas relief. *See Williams v. Taylor*, 529 U.S. 362, 404, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (defining a state court's decision as "contrary to" federal law if the state court's decision fails to apply the correct controlling authority, or if the state court's decision applies the controlling authority from an identical case, but reaches a different result); *see also Van Tran v. Lindsey*, 212 F.3d 1143, 1150 (9th Cir.2000), *cert. denied*, 531 U.S. 944, 121 S.Ct. 340, 148 L.Ed.2d 274 (2000).

AFFIRMED.

---

* Because we unanimously find this case suitable for decision without oral argument, we deny Broemer's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.