**Dennis Mark LA CROSSE,
Petitioner–Appellant,**

v.

**Peggy KERNAN, Warden; Attorney
General of the State of California,
Respondents–Appellees.**

No. 97–55085.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 1, 1999[1]

Submission Vacated Sept. 30, 1999

Resubmitted March 13, 2000

Filed April 24, 2000

Amended Aug. 23, 2000

Withdrawn Sept. 8, 2000

Filed March 26, 2001

---

1. The panel unanimously finds this case suitable for decision without oral argument.   Fed.R.App.P. 34(a)(2).

Dennis Mark La Crosse, Vacaville, California, appellant pro se.

Chung Mar, Deputy Attorney General, Los Angeles, California, for the respondents-appellees.

Before: O'SCANNLAIN, FERNANDEZ and T.G. NELSON, Circuit Judges.

T.G. NELSON, Circuit Judge:

Dennis Mark La Crosse appeals the district court's dismissal of his petition for habeas corpus, claiming that the California Supreme Court's denial of his claim in 1996 did not act as a bar to federal habeas review. We have jurisdiction pursuant to 28 U.S.C. § 2253 and we affirm, although on grounds different from those relied upon by the district court.

I.

On April 21, 1983, a Los Angeles County jury convicted Dennis Mark La Crosse of

one count of first-degree murder. La Crosse was subsequently sentenced to state prison for a term of twenty-six years to life. On May 31, 1984, the California Court of Appeal affirmed the judgment of conviction.

On April 12, 1996, La Crosse filed a petition for writ of habeas corpus in the California Supreme Court, contending that his right to be present during all critical stages of his trial was violated when testimony was read back to the jury outside of his presence. La Crosse failed to raise this issue on direct appeal in 1984. The California Supreme Court's order rejecting his 1996 petition stated, in its entirety: "Petition for writ of habeas corpus DENIED on the merits and for lack of diligence."

On June 14, 1996, La Crosse filed a timely petition for writ of habeas corpus in the United States District Court, Central District of California, raising the same claim he had alleged in his state habeas petition.[2] The district court denied the petition with prejudice, finding that federal review was barred pursuant to an independent and adequate state procedural rule.

## II.

The district court's dismissal of the petition for writ of habeas corpus on the ground of state procedural default presents issues of law that we review *de novo*.[3]

## A. Procedural Default

In a federal habeas action brought by a state prisoner, federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."[4] We must decide whether the California Supreme Court's decision denying La Crosse's petition rested on an "independent and adequate state ground" that could bar federal review.[5]

For a state procedural rule to be "independent," the state law basis for the decision must not be interwoven with federal law.[6] "A state law ground is so interwoven if 'the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed.' "[7] To be "adequate," the state procedural rule must be "strictly or regularly followed" and "consistently applied."[8] "[U]nless the state court makes clear that it is resting its decision denying relief on an independent and adequate state ground, it is presumed that the state denial was based at least in part upon federal grounds, and the petitioner may seek relief in federal court."[9]

The California Supreme Court has, over the years, developed two procedural rules that it applies to post-appeal habeas corpus petitions—the bar of untimeliness[10] and the *Dixon* default

**2.** The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to La Crosse's § 2254 petition because he filed it in federal court after AEDPA's effective date, April 24, 1996. *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir.1997) (en banc).

**3.** *Fields v. Calderon*, 125 F.3d 757, 759–60 (9th Cir.1997).

**4.** *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

**5.** *Id.*

**6.** *Michigan v. Long*, 463 U.S. 1032, 1040–41, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983); *Har-*

*ris v. Reed*, 489 U.S. 255, 265, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989).

**7.** *Park v. California*, 202 F.3d 1146, 1152 (9th Cir.2000) (quoting *Ake v. Oklahoma*, 470 U.S. 68, 75, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985)).

**8.** *Morales v. Calderon*, 85 F.3d 1387, 1392 (9th Cir.1996).

**9.** *Siripongs v. Calderon*, 35 F.3d 1308, 1317 (9th Cir.1994).

**10.** *Ex parte Swain*, 34 Cal.2d 300, 209 P.2d 793, 795 (1949).

rule.[11] The "untimeliness bar" requires that prisoners who do not file their habeas corpus petitions within a specified time frame establish "either (i) absence of substantial delay; (ii) good cause for the delay; or (iii) that his claims fall within an exception to the bar of untimeliness."[12] The *Dixon* rule bars California state courts from granting habeas relief to a prisoner who failed to pursue the claims raised in his habeas petition on direct appeal from his conviction, unless his claims fall within an exception to the rule.[13]

We have previously held that, at least prior to 1993, neither California's *Dixon* rule nor its untimeliness rule was an adequate and independent state law ground that could bar federal review.[14] However, in 1993, the California Supreme Court sought to clarify the exceptions to both the *Dixon* rule and the bar of untimeliness.[15] In *Park*, we held that *Dixon*'s "fundamental constitutional error" exception, as defined in *Harris*, involved the application of federal law and therefore a California court's 1996 denial pursuant to *Dixon* of a habeas petition alleging constitutional error could not bar federal habeas review.[16] We are now presented with the issue of whether the 1996 application of California's untimeliness bar to a habeas petition alleging constitutional error can bar federal habeas corpus review.

### B. The Untimeliness Bar

Although the California Supreme Court's denial cited only "lack of diligence" for denying La Crosse's petition, we believe the district court was correct in concluding that the California Supreme Court was applying the untimeliness bar because La Crosse delayed for nearly twelve years between his direct appeal and his state petition for habeas corpus.[17] In *Robbins*, the California Supreme Court stated: "[W]hen in our orders we impose the bar of untimeliness, this signifies that we ... have determined that the petitioner has failed to establish the absence of substantial delay or good cause for delay, and that none of the four exceptions set out in *Clark* apply."[18] The four exceptions in *Clark* are:

(1) that error of constitutional magnitude led to a trial that was so fundamentally unfair that absent the error no reasonable judge or jury would have convicted the petitioner; (2) that the petitioner is actually innocent of the crime or crimes of which the petitioner was convicted; (3) that the death penalty was imposed by a sentencing authority which had such a grossly misleading

---

11. *Ex parte Dixon*, 41 Cal.2d 756, 264 P.2d 513, 515 (1953). California also has a third bar to habeas corpus claims, known as the *Waltreus* rule, which provides that "in the absence of strong justification, any issue that was actually raised and rejected on appeal cannot be renewed in a petition for a writ of habeas corpus." *In re Harris*, 5 Cal.4th 813, 21 Cal.Rptr.2d 373, 855 P.2d 391, 398 (1993). Invocation of the *Waltreus* rule by a state court, however, does not bar federal review. *Calderon v. United States Dist. Court*, 96 F.3d 1126, 1131 (9th Cir.1996) (noting that the Supreme Court, in *Ylst v. Nunnemaker*, 501 U.S. 797, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991), held that denial of habeas petition pursuant to the *Waltreus* rule was neither a ruling on the merits nor a procedural default).

12. *In re Robbins*, 18 Cal.4th 770, 77 Cal. Rptr.2d 153, 959 P.2d 311, 320 (1998) (quotations and citations omitted).

13. *Dixon*, 264 P.2d at 515.

14. *Fields*, 125 F.3d at 765; *Morales*, 85 F.3d at 1393.

15. *In re Harris*, 5 Cal.4th 813, 21 Cal.Rptr.2d 373, 855 P.2d 391, 395–98 (1993); *In re Clark*, 5 Cal.4th 750, 21 Cal.Rptr.2d 509, 855 P.2d 729, 737–40 (1993).

16. *Park*, 202 F.3d at 1152.

17. If, however, the California Supreme Court actually relied on the *Dixon* rule to deny La Crosse's petition because La Crosse did not raise the same issues in his direct appeal, then the denial was not an adequate and independent state ground that could bar federal review. *Park*, 202 F.3d at 1153.

18. *Robbins*, 77 Cal.Rptr.2d 153, 959 P.2d at 340 n. 34 (citations omitted).

profile of the petitioner before it that absent the error or omission no reasonable judge or jury would have imposed a sentence of death; or (4) that the petitioner was convicted or sentenced under an invalid statute.[19]

In denying La Crosse's petition, the California Supreme Court thus determined that his allegation of constitutional error did not meet the criteria for the error of constitutional magnitude exception listed in *Clark.* The question that arises, then, is whether the California Supreme Court solely relied on state constitutional law in making this determination. If it did not, then the California Supreme Court's denial of La Crosse's petition on procedural grounds cannot bar federal review.

We first look to the text of the California Supreme Court's opinion in *Clark.* In fashioning the four exceptions to the untimeliness bar, the California Supreme Court surveyed the various approaches of state and federal courts in considering successive or delayed habeas petitions.[20] It adopted the federal approach of considering the merits of untimely or successive petitions where error of a constitutional magnitude led to a fundamental miscarriage of justice.[21] In doing so, the California Supreme Court did not limit its adoption of the federal approach to allow consideration of only state constitutional law. The court also expressly relied on federal constitutional law in concluding that claims of constitutional error, such as ineffective assistance of counsel, required a showing of fundamental unfairness.[22]

Therefore, from *Clark* we can conclude that California courts did consider federal constitutional law in considering whether to apply the constitutional error exception to the bar of untimeliness.

Since the denial of La Crosse's habeas petition, however, the California Supreme Court has explicitly addressed the issue of whether it considers state and federal constitutional law or solely state constitutional law in determining whether to apply the error of constitutional magnitude exception to untimely or successive petitions.[23] There, the California Supreme Court stated:

> Although the exception is phrased in terms of error of constitutional magnitude—which obviously may include federal constitutional claims—in applying this exception and finding it inapplicable we shall, *in this case and in the future,* adopt the following approach as our standard practice: We need not and will not decide whether the alleged error actually constitutes a federal constitutional violation.[24]

We have held that this language is clearly prospective, and this new approach would not have applied to the denial of La Crosse's petition.[25] We have noted that this language indicates an acknowledgment by the California Supreme Court that, prior to 1998, it did make an antecedent ruling on federal law before finding the constitutional error exception to be inapplicable.[26]

---

19. *Clark,* 21 Cal.Rptr.2d 509, 855 P.2d at 734.

20. *Clark,* 21 Cal.Rptr.2d 509, 855 P.2d at 754–59.

21. *Id.* at 759–60.

22. *Id.* at 739–40 (citing *Lockhart v. Fretwell,* 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993), and *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

23. *In re Robbins,* 18 Cal.4th 770, 77 Cal. Rptr.2d 153, 959 P.2d 311 (1998).

24. *Id.* at 338–39 (emphasis added).

25. *Park,* 202 F.3d at 1153. Because the issue is not before us, we do not consider and we do not decide whether, since the decision in *Robbins,* California state court denials of habeas corpus petitions on the basis of untimeliness are adequate and independent to bar federal review.

26. *Id.*

Finally, one additional source for guidance is the California Supreme Court's approach to its denials pursuant to *Dixon*.[27] Where a petitioner fails to pursue a claim on direct appeal and subsequently raises the claim in a state habeas petition, a California court will apply the *Dixon* default rule unless the court finds one of four exceptions apply, including "fundamental constitutional error."[28] We have noted that this exception to the *Dixon* rule is analogous to the constitutional error exception to the *Clark* procedural bar.[29]

In *Park*, we held that, in cases before *Robbins* was decided in August 1998 and where the habeas petition alleged fundamental constitutional error, the California Supreme Court necessarily made an antecedent ruling on federal law before applying the procedural bar of *Dixon*.[30] Therefore, we held that the California state court's denial of Park's petition on the basis of procedural default could not bar federal review.[31]

Our analysis leads us to conclude that, as of April 1996, the California Supreme Court had not "ma[de] clear that it [was] resting its decision denying relief on an independent and adequate state ground."[32] Therefore, we must "presume[] that the state denial was based at least in part upon federal grounds."[33] Since the California Supreme Court's 1996 denial of La Crosse's habeas petition was not based upon an independent and adequate state law ground, it cannot act as a bar to federal review.[34]

## C. *Readback of Testimony*

"Under [AEDPA], we can reverse a state court decision denying relief only if that decision is 'contrary to, or involved an unreasonable application of, clearly established Federal law, *as determined by the Supreme Court of the United States.*'"[35] "A state court decision is 'contrary to' federal law established by the Supreme Court 'if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.'"[36] A state court decision involves an unreasonable application of Supreme Court precedent if the state court "unreasonably refuses to extend [a principle of Supreme Court precedent] to a new context where it should apply."[37]

In *Hegler v. Borg*[38] and *United States v. Kupau*,[39] we held that defendants have a Sixth Amendment right to be present at jury readbacks. Both these cases, however, predate AEDPA and rely on circuit rather than Supreme Court authority. The Supreme Court has recognized that "the right to personal presence at all critical stages of the trial ... [is a] fundamental right[] of each criminal defendant."[40] By the Court's limitation of this right to "critical stages of the trial," clearly, a

---

27.  264 P.2d at 515.

28.  *Harris*, 21 Cal.Rptr.2d 373, 855 P.2d at 398–407.

29.  *Park*, 202 F.3d at 1152 n. 3.

30.  *Id.* at 1153.

31.  *Id.*

32.  *Siripongs*, 35 F.3d at 1317.

33.  *Id.*

34.  *Coleman*, 501 U.S. at 729, 111 S.Ct. 2546.

35.  *Patterson v. Gomez*, 223 F.3d 959, 962 (9th Cir.2000) (quoting 28 U.S.C. § 2254(d)(1)) (emphasis added).

36.  *Nevius v. McDaniel*, 218 F.3d 940, 947 (9th Cir.2000) (quoting *Williams v. Taylor*, 529 U.S. 362, 365, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)).

37.  *Williams*, 529 U.S. at 405, 120 S.Ct. 1495.

38.  50 F.3d 1472 (9th Cir.1995).

39.  781 F.2d 740, 743 (9th Cir.1986).

40.  *Rushen v. Spain*, 464 U.S. 114, 117, 104 S.Ct. 453, 78 L.Ed.2d 267 (1983).

criminal defendant does not have a fundamental right to be present at *all* stages of the trial. The Court, however, has never addressed whether readback of testimony to a jury is a "critical stage[] of the trial" triggering a criminal defendant's fundamental right to be present. Nor has the Court considered any case with "materially indistinguishable facts." This may explain why other courts have declined to recognize this right.[41] Given the divergence of opinion on this issue and the lack of clear guidance from the United States Supreme Court, we cannot say that the California court's determination here was contrary to or an unreasonable application of clearly established federal law.[42]

## CONCLUSION

The district court's order dismissing La Crosse's petition for habeas corpus is AFFIRMED.

**41.** *See, e.g., People v. White,* 144 Mich.App. 698, 376 N.W.2d 184 (1985); *Harris v. United States,* 489 A.2d 464 (D.C.Cir.1985).

**42.** *See People v. Pride,* 3 Cal.4th 195, 10 Cal. Rptr.2d 636, 833 P.2d 643, 676–77 (1992) (California does generally recognize a defendant's right to be present at a readback, but also states "that counsel has discretion to consent to a reading of testimony outside the presence of the court, counsel, and/or defendant.").