Randol Lawrence PACHL,
Petitioner–Appellant,

v.

Jim BARTLETT, Superintendent; Oregon State Correctional Institution,
Respondents–Appellees.

No. 00–35408.

D.C. No. CV 97–01808–JE.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 8, 2001.

Decided May 22, 2001.

Before GOODWIN, GREENBERG,* and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Oregon prisoner Randol Lawrence Pachl ("Pachl") appeals the judgment denying his 28 U.S.C. § 2254 petition in which he claimed he was denied effective assistance of counsel in his state court murder conviction.

Because Pachl filed his petition after April 24, 1996, it is governed by 28 U.S.C. § 2254 as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). See *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir.1997) (en banc); *La Crosse v. Kernan*, 244 F.3d 702, 704 n. 2 (9th Cir. 2001)). Under the relevant provision of AEDPA, a federal court may grant relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal

---

* The Honorable Morton I. Greenberg, United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

The district court found as a matter of fact that Pachl's state court trial counsel had failed to timely object to the presence of a group of courtroom visitors wearing lapel buttons marked "CVU" in large letters and the words "Crime Victims United" in smaller letters. While the district court agreed with the petitioner that defense counsel should have brought the matter to the trial court's attention, the failure to do so did not, under the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), constitute a denial of the right to counsel. The district court concluded that Pachl failed to show a reasonable probability that, but for the lawyer's failure to make a timely objection, the result of the trial would have been different.

Having brought this appeal on the basis of alleged ineffective assistance of counsel, petitioner's briefs and argument attempted to shift the ground of his petition to an alleged denial of due process, relying on our decision in *Norris v. Risley*, 918 F.2d 828 (1990). *Norris* granted habeas relief on due process grounds when the state court record showed that, after an objection was made and overruled, on First Amendment grounds, the state court permitted a group of women spectators wearing "Women Against Rape" badges to remain in the courtroom, ride the elevators with jurors, and mingle with jurors in the corridors during a kidnaping and rape trial. *Id.* at 829, 831.

The petitioner in our case did not raise due process claims in his state post conviction proceedings. Accordingly, the district court held that the procedurally defaulted claim could not be raised in this habeas proceeding. We agree.

Accordingly, we are limited in this appeal to the question whether the trial court erred in failing to find a *Strickland* violation in the performance of defense counsel in the state court trial of this petitioner. The trial court in this case was entitled to consider whether, in its judgment, based on the facts then before the court, there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

The district court did not err in applying *Strickland*.

AFFIRMED.