**Anthony Lee FRAZIER, Petitioner–Appellant,**

v.

**Anthony A. LAMARQUE, Warden, Respondent–Appellee.**

No. 01–55042.

D.C. No. CV–00–05644–NM.

United States Court of Appeals, Ninth Circuit.

Submitted April 30, 2001 *.

Decided June 28, 2001.

cation and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before WALLACE, SNEED, and SKOPIL, Circuit Judges.

### MEMORANDUM **

Anthony Lee Frazier appeals the denial of his habeas petition, renewing his argument that the state court violated his Sixth Amendment right to self-representation. We agree with the district court that no constitutional violation occurred. Accordingly, we affirm.

### DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies because Frazier filed his petition after AEDPA's effective date. *See La Crosse v. Kernan,*

244 F.3d 702, 704 n. 2 (9th Cir.2001). Relief may be granted under the AEDPA only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The Supreme Court has established that the Sixth Amendment grants a criminal defendant the right of self-representation in criminal proceedings. *See Faretta v. California,* 422 U.S. 806, 807, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Frazier, however, was not denied that right.

The state court agreed to allow Frazier to represent himself, but refused to continue the trial. Nonetheless, for reasons unrelated to Frazier's request, trial was continued for six weeks, during which time Frazier appeared in court with his lawyer on numerous occasions where he personally addressed the court and verbally waived his right to a speedy trial. Because Frazier never renewed his request to represent himself at any of those hearings or at his trial, we conclude that he abandoned it. Accordingly, we affirm the judgment of the district court.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.