Ivan J. CLAUS, Petitioner—Appellant,

v.

E. ROE, Warden, Respondent—
Appellee.

No. 01–56661.

D.C. No. CV–01–01533–GHK(RNB).

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 12, 2003.

Decided July 11, 2003.

Before B. FLETCHER, HAWKINS, Circuit Judges, and BURY, District Judge.*

### MEMORANDUM **

Appellant Ivan J. Claus petitions for habeas corpus. He claims that his counsel in his trial for attempted murder and assault with a firearm was ineffective on two grounds. First, the counsel failed to seek a jury instruction on voluntary intoxication; second, he waived objection to admission of evidence of Claus's prior bad acts. The relevant facts are known to the parties.

■ The government argues that we are procedurally barred from hearing Claus's claims. The claims were contained in Claus's second petition for habeas relief in the state court system. The California Supreme Court ultimately rejected them as untimely, citing *In re Clark*, 5 Cal.4th 750, 21 Cal.Rptr.2d 509, 855 P.2d 729 (1993). The government maintains that this is necessarily an adequate and independent state ground.

Claus urges that in citing to *Clark* without citing *In re Robbins*, 18 Cal.4th 770, 811, 77 Cal.Rptr.2d 153, 959 P.2d 311 (1998), to establish that *Clark* was being invoked as an adequate and independent state ground, the California Supreme Court issued an ambiguous ruling that failed to preempt federal habeas review. *Harris v. Reed*, 489 U.S. 255, 263, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989), states that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar."

In *Coleman v. Thompson*, 501 U.S. 722, 736, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), however, the Court noted that *Harris* limited its scope to circumstances in which "it fairly appears that the state court rested its decision primarily on federal law." There is no indication that the California court rested its decision primarily on federal law. *Harris* is not implicated. As such, we do not have, and the district court did not have, jurisdiction to hear Claus's claims because the state courts declared him procedurally defaulted on an adequate and independent state ground. *Coleman*, 501 U.S. at 729, 111 S.Ct. 2546; *La Crosse v. Kernan*, 244 F.3d 702, 704 (9th Cir.2001).

We could only overcome this state bar if Claus were to demonstrate cause and prejudice for his default, or if our failure to assert jurisdiction would lead to a fundamental miscarriage of justice. *Harris*, 489 U.S. at 262, 109 S.Ct. 1038. Claus fails to demonstrate cause, so we need not reach the question of prejudice.

■ A fundamental miscarriage of justice must be based on actual innocence of

---

* The Honorable David C. Bury, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the crime for which one was convicted. *Sawyer v. Whitley,* 505 U.S. 333, 339, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992). This requires the submission of reliable evidence that was not presented at trial. *Calderon v. Thompson,* 523 U.S. 538, 559, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998). Here the crux of counsel's failure was not to use to advantage the ample evidence of intoxication that was in the record. He declined the court's offer to instruct on intoxication as a defense to malice required for intent to commit first degree murder. He didn't argue that Claus was drunkenly trying to frighten the victim and fired the gun accidentally. Unfortunate and ill-advised as the representation was, it cannot meet the *Calderon* requirement.

The district court erred in assuming jurisdiction to hear Claus's claims. We vacate the district court opinion but affirm the judgment denying the writ of habeas corpus.

VACATED AND DENIAL OF WRIT AFFIRMED.