**Jesus Nunez RAMIREZ, Petitioner— Appellant,**

v.

**Don TAYLOR, Warden, Respondent— Appellee.**

No. 01–56869.

D.C. No. CV–00–01856–JNK.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 11, 2004.

Decided June 29, 2004.

Jesus Nunez Ramirez, Blythe, CA, pro se.

Walter K. Pyle, Esq., Berkeley, CA, for Petitioner–Appellant.

Attorney General, Meagan J. Beale, Aty., AGCA—Office of the California At-

torney General, San Diego, CA, for Respondent–Appellee.

Before PREGERSON, MCKEOWN, and BYBEE, Circuit Judges.

MEMORANDUM *

Jesus Nunez Ramirez, a state prisoner, challenged his criminal convictions in a petition for writ of habeas corpus under 28 U.S.C. § 2254. He contended that, among other things, the state trial court erred in admitting evidence obtained through a suggestive curbside identification. The district court denied the petition, but granted Ramirez a Certificate of Appealability on that issue. As the parties are familiar with the facts, we recount them only as necessary to explain our decision.

We review denial of a habeas petition de novo. *Luna v. Cambra,* 306 F.3d 954, 959–60 (9th Cir.2002). The district court may only grant a habeas petition if the state court's determinations resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d). A state court acts contrary to clearly established federal law where it "unreasonably refuses to extend [Supreme Court precedent] to a new context where it should apply," i.e., to "materially indistinguishable facts." *LaCrosse v. Kernan,* 244 F.3d 702, 707 (9th Cir.2001) (internal quotations and citations omitted). Although only Supreme Court precedent is

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

controlling, decisions of the Ninth Circuit are persuasive authority as to whether a state court unreasonably applied clearly established federal law. *Luna*, 306 F.3d at 960. The constitutionality of a curbside identification is a mixed question of law and fact reviewed by the federal court de novo. *Van Pilon v. Reed*, 799 F.2d 1332, 1336 (9th Cir.1986).

■ The California Court of Appeal did not act contrary to federal law when it concluded that the curbside identification of Ramirez, while suggestive, was not *unnecessarily* suggestive. An identification procedure is suggestive where it "[i]n effect . . . sa[ys] to the witness '*This* is the man.'" *Foster v. California*, 394 U.S. 440, 443, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969) (emphasis in original). One-on-one identifications are suggestive. *See Stovall v. Denno*, 388 U.S. 293, 302, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), *overruled on other grounds by Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). However, "the admission of evidence of a showup without more does not violate due process." *Neil v. Biggers*, 409 U.S. 188, 198, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). A suggestive identification violates due process if it was unnecessary or "gratuitous" under the circumstances. *Id.* at 198, 93 S.Ct. 375.

The state court reasonably concluded that time pressures and a concern for accuracy made the curbside identification of Ramirez necessary. One-on-one identifications are necessary because of officers' and suspects' strong interest in the expeditious release of innocent persons and the reliability of identifications made soon after and near a crime. *See, e.g., United States v. Kessler*, 692 F.2d 584, 585 (9th Cir.1982); *United States v. Coades*, 549 F.2d 1303, 1305 (9th Cir.1977).

In addition, the procedure used here was not especially likely to yield an "irrep-arable misidentification." *Manson v. Brathwaite*, 432 U.S. 98, 116, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977) (internal quotation and citation omitted); *Kessler*, 692 F.2d at 586–87 (unless the procedure used is so suggestive that it raises a "very substantial likelihood of irreparable misidentification," doubts go to the weight, not the admissibility, of the evidence) (internal quotation and citation omitted). We have held that similar curbside identifications—and some even more suggestive—did not raise a substantial likelihood of irreparable misidentification. *Id.* at 585 (handcuffed suspect was surrounded by police officers); *United States v. Jones*, 84 F.3d 1206, 1209 (9th Cir.1996) (suspect was the only civilian on the scene and was surrounded by police officers holding up mask and disguise worn by perpetrator); *United States v. Bagley*, 772 F.2d 482, 492 (9th Cir.1986) (suspect was seated in police car, handcuffed, and surrounded by police). Further, admonitions like that given to the witness here mitigate the likelihood of misidentification. *Kessler*, 692 F.2d at 586.

■ Ramirez's argument that the showup identification was unnecessary because police could have used a nearby Hispanic male to perform a less suggestive "lineup" is unpersuasive. There is no constitutional right to a lineup. *United States v. Robertson*, 606 F.2d 853, 857 (9th Cir.1979); *see also Sumner v. Mata*, 446 U.S. 1302, 1305–06, 100 S.Ct. 1630, 64 L.Ed.2d 216 (1980) (staying the Ninth Circuit's decision that the availability of "less suggestive procedures" warranted granting a habeas petition, and finding this court's analysis to be in tension with the Supreme Court's decision in *Manson* and contrary to precedent from other circuits). The state court decisions interpreting federal law that Ramirez cites are distinguishable and do not demonstrate clearly established federal law as interpreted by the Supreme Court.

See 28 U.S.C. § 2254(d)(1); *Luna,* 306 F.3d at 960. In sum, the state court did not act contrary to clearly established federal law when it concluded that the identification procedure was not unnecessarily suggestive.

■ Ramirez also challenges the identification as unreliable. However, the due process clause only bars admission of unreliable identifications *that were obtained by unnecessarily suggestive identification procedures.* *Moore v. Illinois,* 434 U.S. 220, 227, 98 S.Ct. 458, 54 L.Ed.2d 424 (1977); *Neil,* 409 U.S. at 200, 93 S.Ct. 375. No Supreme Court case requires a court to exclude identification evidence solely because it is unreliable; unless the identification procedure was unnecessarily suggestive, reliability is for the jury to consider. Because the state court concluded that the curbside identification was not unnecessarily suggestive, it appropriately declined to consider whether the identification was reliable. *See, e.g., Stovall,* 388 U.S. at 302, 87 S.Ct. 1967 (upholding admission of an identification because the suggestive procedure was necessary, without considering indicia of reliability).

AFFIRMED.