**Jefry SUBANA, Petitioner—Appellant,**

**v.**

**Michael YARBOROUGH, Respondent— Appellee.**

No. 04–15926.

D.C. No. CV–03–00490–CRB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 16, 2005.

Decided April 1, 2005.

Jefry Subana P–12206, CSPLAC–California State Prison L.A. County (Lancaster), Lancaster, CA, for Petitioner–Appellant.

Amitai Schwartz, Law Offices of Amitai Schwartz Watergate Towers, Emeryville, CA, George F. Hindall, III, Esq., AGCA–Office of the California Attorney General (SF), San Francisco, CA, for Respondent–Appellee.

Before NOONAN, THOMAS, and FISHER, Circuit Judges.

MEMORANDUM *

Jefry Subana appeals the district court's denial of his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review the district court's denial of Subana's habeas petition de novo. See Gill v. Ayers, 342 F.3d 911, 917 (9th Cir.2003). We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

■ 1. Subana was not denied due process and a fair trial by the admission at trial of testimony from a witness who initially gave the police a false alibi for Subana, but recanted after police played her a tape of Subana's involuntary confession. The California Court of Appeal held that the witness's initial recantation may have been the fruit of Subana's involuntary confession, but her trial testimony occurred three years later, and the passage of time attenuated the taint.

The "fruit of the poisonous tree" doctrine generally prohibits the admission at trial of evidence, both physical and verbal, that is derived from illegal government acts. Brown v. Illinois, 422 U.S. 590, 598, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975) (citing Wong Sun v. United States, 371 U.S. 471, 484–88, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963)). Although the "fruit of the poisonous tree" doctrine developed in the context of the Fourth Amendment, the Fifth Amendment also provides a basis for use of the exclusionary rule: incriminating statements in-

voluntarily made must be excluded. Brown, 422 U.S. at 601. To a limited extent, the Supreme Court has held that the testimony of a third party witness whose identity was discovered as the result of a Fourth Amendment violation may be inadmissible as "fruit of the poisonous tree." United States v. Ceccolini, 435 U.S. 268, 275, 98 S.Ct. 1054, 55 L.Ed.2d 268 (1978). However, the Supreme Court has never expressly held that the fruits of an involuntary confession are always inadmissible. This case involved the unique circumstances in which there was a lengthy delay between the confession and the witness's testimony. Further, the witness was well known to the police prior to the confession. Under these circumstances, the California Court of Appeal's conclusion that the witness could testify was not a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal Law," as is required for habeas relief under 28 U.S.C. § 2254(d)(1) ("AEDPA").

■ 2. Subana was not denied due process and a fair trial because he was not present during the reading back of trial testimony to the jury during jury deliberation. We have held that defendants have a Sixth Amendment right to be present when testimony is read back to the jury. See Hegler v. Borg, 50 F.3d 1472 (9th Cir.1995); United States v. Kupau, 781 F.2d 740 (9th Cir.1986). However, in La Crosse v. Kernan, 244 F.3d 702, 707–08 (9th Cir.2001), we noted that both Hegler and Kupau predate AEDPA, and rely on Circuit rather than Supreme Court authority. La Crosse, 244 F.3d at 708. As the La Crosse court stated: "Given the divergence of opinion on this issue and the lack of clear guidance from the United States

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Supreme Court, we cannot say that the California court's determination here was contrary to or an unreasonable application of clearly established federal law." *Id.* at 707–08. The same is true in Subana's case, particularly in light of the fact that his attorney was aware of and consented to the readbacks. *Cf. Fisher v. Roe,* 263 F.3d 906, 916 (9th Cir.2001) ("[T]here is a critical and dispositive difference between *La Crosse* and [Fisher's] case: La Crosse's attorney not only was aware of the readback procedure proposed by the judge, but the attorney was consulted by the court and agreed to the proposed procedure and stipulated that his client need not be present.").

■ 3. Subana was not denied the effective assistance of counsel because his trial counsel failed to ensure his right to be personally present during the readback of trial testimony. Because the constitutional right to presence at a readback . is not clearly established, Subana's trial counsel was not "objectively unreasonable" for failing to ensure the protection of the right. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Further, Subana has failed to show that he was prejudiced by his trial counsel's failure to ensure his presence at the readback. *See id.* Subana is therefore not entitled to federal habeas relief.

**AFFIRMED.**