**Ronnie LUCKETT, Petitioner—Appellant,**

v.

**Derral G. ADAMS; Jeanne S. Woodford, Warden, Respondents—Appellees.**

No. 04–57197.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 15, 2006.

Decided Sept. 5, 2006.

Dorn G. Bishop, Law Office of Dorn G. Bishop, San Diego, CA, for Petitioner—Appellant.

Ronnie Luckett, Calipatria, CA, pro se.

Adrianne S. Denault, Office of the California Attorney General, San Diego, CA, for Respondents—Appellees.

Before: KOZINSKI, O'SCANNLAIN, and BYBEE, Circuit Judges.

MEMORANDUM *

The facts and procedural history of the case are known to the parties and we do not repeat them here.

Assuming that Luckett's claims are properly before us, we find that any errors at trial did not violate any clearly established federal law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d).

■ Admission of eyewitness testimony against Luckett is not reversible error because no Supreme Court case has extended the protections of *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), and its progeny to cases where the eyewitness first identifies the defendant at a pretrial hearing. As we recognized in *United States v. Domina,* "[n]one of these cases has set any guidelines for in-court identification procedures nor indicated that in-court identification must be made in a way that is not suggestive." 784 F.2d 1361, 1368 (9th Cir.1986).

■ Similarly, a readback of an eyewitness' testimony, without counsel's knowledge or permission, has not been condemned by the Supreme Court. We have observed that the Court "has never addressed whether readback of testimony to a jury is a critical stage[ ] of the trial triggering a criminal defendant's fundamental right to be present. Nor has the Court considered any case with materially indistinguishable facts." *La Crosse v. Kernan,* 244 F.3d 702, 708 (9th Cir.2001) (internal quotation marks omitted). Our decision in *Fisher v. Roe,* 263 F.3d 906, 916 (9th Cir.2001), *overruled on other grounds by Payton v. Woodford,* 346 F.3d 1204, 1217 n. 18 (9th Cir.2003) (en banc), *overruled by Brown v. Payton,* 544 U.S. 133, 125 S.Ct. 1432, 161 L.Ed.2d 334 (2005), is not to the contrary. The *Fisher* court reviewed a "postcard denial" which entailed " 'an independent review of the record . . . to determine whether the state court clearly erred in its application of controlling federal law.' " *Id.* at 914 (quoting *Delgado v. Lewis,* 223 F.3d 976, 982 (9th Cir.2000)). Here the state court did hand down a reasoned decision, and so greater deference is due. In addition, *Fisher* relied on procedural errors that compounded the secret readback. *Id.* at 910 n. 1. As a result, the jurors requested and received only selected parts of the witness' testimony. *Id.* at 911. We have no reason to suppose that the readback of the entire eyewitness testimony had a "substantial and injurious effect or influ-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 638, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

We have reviewed Luckett's other claims of error and find they have no merit.

AFFIRMED.