File Name: 07a0859n.06
Filed: December 18, 2007

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 06-1808

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

MAJED SHOHATEE,

      Petitioner-Appellant,

v.

ANDRES JACKSON,

      Respondent-Appellee.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

_____/

Before:      MARTIN, GIBBONS, and SUTTON, Circuit Judges.

BOYCE F. MARTIN, JR., Circuit Judge. Majed Shohatee petitioned for a writ of habeas corpus based on three grounds: (1) ineffective assistance of counsel, (2) denial of the right to be present at a critical stage of the proceeding, and (3) denial of the right to have counsel of one's own choosing. Because we cannot find that Shohatee has met the high standard of review imposed on habeas corpus appeals, we AFFIRM the district court's denial of habeas corpus relief.

I

Shohatee was convicted of assault with intent to commit murder and first-degree criminal sexual conduct in Michigan. The victim, Veronica Rivera, had been beaten and penetrated with a crowbar. The Michigan Court of Appeals affirmed the conviction in February 2003, and the

Michigan Supreme Court denied leave to appeal. The district court denied Shohatee's habeas corpus appeal on April 26, 2006.

The facts relevant to the issues presented are as follows. On September 26, 2000, during the second day of deliberation following trial, the jury sent a note to the judge requesting transcripts of testimony. Since the transcripts were not ready, the judge allowed playback of the trial tapes instead. The playback was to be done without the presence of the judge or any counsel. Defense counsel Richard Nelson expressed concern that the jury might hear excerpted testimony and take it out of context, but the judge agreed that only the entire testimony of any witness would be played. Nelson consented to these procedures. The jury was informed that it could hear the playback and take notes, but it could not speak to anyone or deliberate during the playback, nor would the tapes be stopped at any point. The jury then requested and heard the testimony of a number of witnesses. With respect to the testimony of two of these witnesses the record does not confirm that their testimony was played. The judge did not give any instruction to the jury concerning the proper use of playback testimony.

During the sentencing hearing, Shohatee, through his counsel, requested a continuance so that he could be represented by a new attorney, Mosabi Hamed. Hamed was unable to attend that day due to a schedule conflict. Shohatee also stated that he wished to call witnesses who were not present at that time and preferred to have Hamed question them since Nelson was unfamiliar with the witnesses. The court denied the motion because it had not received any notice from Hamed, the victim was present and ready to testify, and Shohatee knew the date of the hearing and could have brought any witnesses or counsel to the hearing that he wished.

II

This Court reviews a district court's denial of habeas corpus *de novo*. The Anti-Terrorism and Effective Death Penalty Act allows habeas relief if the state court proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

*A. Ineffective Assistance of Counsel*

Shohatee claims that his counsel was constitutionally deficient for failing to object to the playback procedures used by the court. *Strickland v. Washington* sets out a two-pronged test to determine whether counsel was constitutionally defective: counsel must be deficient, and the deficiency must be prejudicial. 466 U.S. 668 (1984).

To meet the first prong, Shohatee must show that his counsel's acts fell below an objective standard of reasonableness. *Id*. at 688. In evaluating his claim, we must recall that "judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The Michigan Court of Appeals analogized counsel's decision not to not to object to the playback procedure to an evidentiary decision. *People v. Shohatee*, 2003 WL 245771, at *4 (Mich. Ct. App. 2003). As such, the court found that counsel's decision fell within his discretion to determine trial strategy. While on habeas corpus review this Court is deferential to the state court decisions, simply analogizing defense counsel's decision to an evidentiary issue is insufficient to determine whether he was objectively reasonable. *Cf. Hodge v. Hurley*, 426 F.3d 368, 385-86 (6th Cir. 2005).

However, even assuming that Shohatee's counsel was objectively deficient, Shohatee cannot demonstrate prejudice, and therefore his claim fails the *Strickland* test. Under the second prong of *Strickland* analysis, Shohatee must show that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. Shohatee argues that he benefits from a presumption of prejudice under *United States v. Cronic,* 466 U.S. 648, 659 (1984). In *Cronic* the Supreme Court held that there are "circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." *Id*. at 658. Among these are complete denial of counsel during a critical stage of trial and complete failure to challenge the prosecution's case. *Id.* at 659. Because the Supreme Court has not specifically held that playback is a critical stage, *La Crosse v. Kernan*, 244 F.3d 702, 708 (9th Cir. 2001), the state courts did not act contrary to "clearly established federal law" in failing to apply the *Cronic* presumption to this case.

Our analysis of whether the state court's application of federal law was reasonable turns on whether this situation did, or was highly likely to, cause prejudice. Prejudice might be possible if excerpts of testimony were played, raising the risk that the testimony would be taken out of context or accorded undue emphasis. *United States v. Padin*, 787 F.2d 1071, 1076 (6th Cir. 1986). However, the tapes of testimony were played in full, reducing the chance of misunderstanding, and jurors listened to nearly a day and a half of testimony, reducing any chance of placing undue emphasis on any one part. Furthermore, since the actual audio recordings were played back, there is little or no chance of any error as to the content of the testimony.

Shohatee points to the fact that the record does not show that two of the tapes requested by the jury were played. Assuming that these tapes were not played, we cannot say that the state courts

were unreasonable in finding that no prejudice resulted. The content of the two witnesses' testimony was short and simple, making it unlikely that the jury was unable to recall the importance of their statements. Only one of the witnesses provided real help to the defense's case, and that testimony, even if believed, undermined only a portion of the prosecution's case. Finally, given that the jury made multiple requests to the judge to hear various witnesses, it seems likely that if the jury felt it needed to hear either of these witnesses, it would have repeated its request. Therefore we cannot say that the state courts were unreasonable in finding that no prejudice resulted from any ineffective assistance of counsel.

### B. Denial of Right to be Present During Playback

A criminal defendant has a fundamental right to be present at all critical stages of trial. *See Rushen v. Spain*, 464 U.S. 114, 117 (1983). Shohatee asserts that this right was violated when he was denied the opportunity to be present during playback of the witnesses' testimony. Even assuming that playback is a critical stage of the proceedings, Shohatee was not denied the right to be present. Through his counsel, Shohatee agreed to the procedure and was present in court when the judge made her decision to allow the jury to hear the tapes without the presence of counsel. Shohatee's counsel at first objected to the playback out of concern that the jury would only listen to parts of the testimony, but after the judge explained that the jury was to hear the whole of each witness's testimony uninterrupted, his counsel agreed. This constitutes a waiver of any procedural objection. *United States v. Riddle*, 249 F.3d 529, 534 (6th Cir. 2001).

Shohatee argues that while he was present at the hearing when the judge explained the playback procedures, he was unaware of his right to be present and therefore cannot be held to have

waived it. However, as the district court noted, "petitioner neither alleges nor establishes that the waiver of the right to be present (or to have counsel present) was involuntary or unknowing." An examination of Shohatee's brief to the district court confirms that he did not raise any issue as to involuntary waiver. Thus we will not consider this issue on appeal. *Hormel v. Helvering*, 312 U.S. 552, 556 (1941). Accordingly, the Michigan courts did not unreasonably apply federal law when they held that Shohatee had waived any objections to the jury playback procedures.

### C. Choice of Counsel

Shohatee argues that he was denied his right to retain counsel of his choice when the district court denied his motion for a continuance until the new lawyer would be available. The decision to grant a continuance (or as in Michigan, an adjournment) is within the discretion of the trial court. *Bennett v. Scroggy*, 793 F.2d 772, 774-75 (6th Cir. 1986). The Michigan courts found that the trial judge did not abuse her discretion when she denied the continuance because (1) Shohatee knew the date of sentencing and was not denied the opportunity to present witnesses or to have his counsel of choice present on that date, and (2) no appearance had been filed by the new attorney. Thus there was no denial of choice of counsel, only a denial of a continuance, which was within the discretion of the trial judge. The district court agreed: there was no indication of any problem with Nelson (existing counsel) and the victim would have been inconvenienced since she was present to testify that day. Because the decision is within the discretion of the trial court, and because there were legitimate reasons to deny the continuance, the Michigan courts did not unreasonably apply federal law when they denied relief on this ground. Furthermore, there is little evidence of any harm as a

result of this decision since Nelson, Shohatee's trial counsel, was able to reduce Shohatee's sentence to the low end of the guidelines range.

III

In this case we find no unreasonable application of federal law by the Michigan courts in upholding Shohatee's conviction. We therefore AFFIRM the decision of the district court denying Shohatee's petition for habeas corpus.