**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 15 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAYMOND L. OUBICHON, | No. 09-15325 |
| Petitioner - Appellant, | D.C. No. 2:07-cv-00838-GEB-CHS |
| v. | |
| MATTHEW CATE, Warden, and MICHAEL S. EVANS, Secretary of the California Department of Corrections and Rehabilitations, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Argued and Submitted July 12, 2011
San Francisco, California

Before: SILVERMAN and GRABER, Circuit Judges, and WRIGHT,[**] District
Judge.

Petitioner Raymond L. Oubichon appeals the denial of his petition for

habeas corpus under 28 U.S.C. § 2254. The district court issued a certificate of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Otis D. Wright II, United States District Judge for the Central District of California, sitting by designation.

appealability with respect to several claims for relief.[1]  We review de novo.  <u>Kemp v. Ryan</u>, 638 F.3d 1245, 1254 (9th Cir. 2011).  Because the Antiterrorism and Effective Death Penalty Act of 1996 applies to this case, we ask whether the state courts unreasonably applied clearly established federal law as determined by the Supreme Court.  28 U.S.C. § 2254(d).  For the state courts' application of clearly established law to be unreasonable under § 2254(d), we must conclude that no fairminded jurist could agree with the state court's decision.  <u>Harrington v. Richter</u>, 131 S. Ct. 770, 786 (2011).  Because we hold that the state courts reasonably applied clearly established federal law in this case, we affirm.

1.  Petitioner first argues that the state court violated due process when it entered a conviction for attempted criminal threat without submitting the question to a jury.  But a jury already had convicted Petitioner of the greater offense of <u>making</u> a criminal threat.  That offense contains every element of attempted criminal threat, <u>People v. Toledo</u>, 26 P.3d 1051, 1057 (Cal. 2001), and contains an additional element:  that the perpetrator actually placed the victim "in sustained fear of his or her own safety or for his or her immediate family's safety," Cal.

---

[1] Petitioner's brief argues three additional issues that the district court did not certify for appeal.  We agree with the district court that Petitioner has failed to make a "substantial showing of the denial of a constitutional right" with respect to those issues.  28 U.S.C. § 2253(c)(2).  We therefore decline to issue a certificate of appealability on those issues, and we do not consider them on their merits.

Penal Code § 422.  On Petitioner's first appeal, the California Court of Appeal held that the evidence did not <u>necessarily</u> establish that Petitioner's threat put the victim "in sustained fear" of her safety, so it remanded the case and gave the state the option to retry Petitioner on the greater offense or to accept a judgment of conviction on the lesser offense.  The state chose the latter option, and the trial court entered the lesser conviction.  In different but related circumstances, the Supreme Court upheld a state court's decision to reduce an improper conviction of a greater offense to a conviction of a lesser offense without submitting the question to a jury when "it [was] clear that the jury necessarily found that the defendant's conduct satisfie[d] the elements of the lesser included offense."  <u>Morris v. Mathews</u>, 475 U.S. 237, 247 (1986).  We hold that the state courts reasonably applied <u>Morris</u> here when they rejected Petitioner's due process claim.  We therefore hold that Petitioner's due process claim does not warrant habeas relief under § 2254(d).[2]

2.  Petitioner next argues that the state courts lacked subject-matter jurisdiction to enter a conviction of the lesser offense.  He supports his argument

---

[2] Petitioner additionally argues that his sentence violates the Eighth Amendment's ban on cruel and unusual punishment because the trial court lacked the authority to enter a conviction of attempted criminal threat.  Because the state courts reasonably concluded that the trial court properly entered that conviction, we hold that they also reasonably rejected Petitioner's Eighth Amendment claim.

by quoting <u>Burks v. United States</u>, 437 U.S. 1 (1978).  But <u>Burks</u> has no application here.  In <u>Burks</u>, 437 U.S. at 10-11, the Supreme Court held that a criminal defendant may not be put on trial again for a crime that the government failed to prove that he committed in a previous trial.  Here, by contrast, the California Court of Appeal reversed Petitioner's original conviction not because it thought that the state had failed to prove its case, but because the trial court erred when it failed to instruct the jury on the lesser offense <u>even though</u> the evidence could support the jury's verdict on the greater offense.  We therefore reject Petitioner's assertion that, under clearly established federal law, the state courts lacked jurisdiction to enter the conviction of attempted criminal threat without submitting the matter to a jury.

3.  Petitioner next claims that the trial court violated his Sixth Amendment right to be present when the court reporter read back the testimony of a state witness to the jury during its deliberations without giving Petitioner or his lawyer the opportunity to observe.  A readback of an eyewitness' testimony, without counsel's knowledge or permission, has not been condemned by the Supreme Court.  We have observed that the Court "has never addressed whether readback of testimony to a jury is a critical stage of the trial triggering a criminal defendant's fundamental right to be present.  Nor has the Court considered any case with

materially indistinguishable facts." La Crosse v. Kernan, 244 F.3d 702, 708 (9th Cir. 2001) (internal quotation marks and brackets omitted).  Without clear guidance from the Supreme Court, we cannot say that the California court's determination here was contrary to or an unreasonable application of clearly established federal law.

Our decision in Fisher v. Roe, 263 F.3d 906, 916 (9th Cir. 2001), overruled on other grounds by Payton v. Woodford, 346 F.3d 1204, 1217 n.18 (9th Cir. 2003) (en banc), overruled by Brown v. Payton, 544 U.S. 133 (2005), is not to the contrary.  The Fisher court reviewed a "'postcard denial,'" which entailed "'an independent review of the record . . . to determine whether the state court clearly erred in its application of controlling federal law.'"  Id. at 914 (alteration in original) (quoting Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000)).  Here, the state court did hand down a reasoned decision, so greater deference is due.  In addition, Fisher relied on procedural errors that compounded the secret readback. Id. at 910 n.1.  As a result, the jurors requested and received only selected parts of the witness' testimony.  Id. at 911.  Here, though, we have no reason to suppose that the readback of the entire witness' testimony had a "substantial or injurious effect or influence in determining the jury's verdict."  Brecht v. Abrahamson, 507 U.S. 619, 638 (1993) (internal quotation marks omitted).  We therefore hold that

-5-

the California Court of Appeal reasonably concluded that Petitioner has failed to show prejudice from the readback, even assuming that the trial court erred by allowing the readback outside the presence of Petitioner and his lawyer.

4. Petitioner next argues that the record contains insufficient evidence to prove his guilt of attempted criminal threat. Specifically, he asserts that his intoxication at the time of the event deprived him of the capacity to form the required intent and that the state did not produce enough evidence of an overt act made in furtherance of the crime as required to prove attempt. We previously have recognized the "heavy burden" that a habeas petitioner must carry to make a successful insufficiency of the evidence claim. Juan H. v. Allen, 408 F.3d 1262, 1274 (9th Cir. 2005). Not only must Petitioner establish that, after viewing the evidence in the light most favorable to the prosecution, no rational finder of fact could have found the essential elements of the crime beyond a reasonable doubt, Jackson v. Virginia, 443 U.S. 307, 319 (1979), but he also must surmount the "additional layer of deference" owed to the state courts' rejection of his claim under AEDPA, Juan H., 408 F.3d at 1274.

Here, the jury heard evidence that, on the day of the crime, Petitioner ordered a pizza and went to pick it up. After he returned, Petitioner and the victim, his wife, engaged in a long argument that began in their apartment and continued

outside. After someone offered to call the police, Petitioner told his wife, "If the cops don't get me, I'll come back and kill you." He then went back to the apartment, threw a bottle at the window, took a knife from a drawer in the kitchen, and left the premises to evade the police. Although some of the witnesses disputed that evidence, we cannot conclude that no rational finder of fact could have found beyond a reasonable doubt that Petitioner had the capacity to form the required intent and that he threatened his wife. Nor can we conclude that the state courts unreasonably so held. We therefore reject Petitioner's insufficiency of the evidence claim.

5. Finally, Petitioner argues that his lawyer rendered constitutionally deficient assistance by failing to make the insufficiency of the evidence argument addressed above, during Petitioner's direct appeal. To succeed on his ineffective assistance of counsel claim, Petitioner must establish a reasonable probability that, but for his lawyer's error, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 694 (1984). For the reasons stated above, we see no reasonable probability that Petitioner would have succeeded on his insufficiency of the evidence claim in his direct appeal. We therefore hold that Petitioner has failed to show prejudice from his lawyer's alleged error. He is not entitled to relief.

AFFIRMED.