**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| DAVID FRANKLIN BARGHOORN,<br><br>　　　　Petitioner-Appellant,<br><br>v.<br><br>KEN CLARK, Warden,<br><br>　　　　Respondent-Appellee. | No.　15-15197<br><br>D.C. No. 2:07-cv-01996-TJH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Terry J. Hatter, District Judge, Presiding

Argued and Submitted September 15, 2016
San Francisco, California

Before:　GOULD and BERZON, Circuit Judges, and TUNHEIM,[**] Chief District
Judge.

　　California state prisoner David Barghoorn appeals the district court's denial

of his 28 USC § 2254(d) habeas corpus petition challenging his conviction in the

Superior Court of California, Amador County.　At his trial, Barghoorn was

---

　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

　　[**]　　The Honorable John R. Tunheim, Chief United States District Judge
for the District of Minnesota, sitting by designation.

convicted of two counts of committing a forcible lewd act on a child under the age of 14 years (Counts I and II of the indictment), *see* Cal. Pen. Code § 288(b)(1), and one count of continuous sexual abuse of a child under the age of 14 years (Count III of the indictment), *see* Cal. Pen. Code § 288.5.  Counts I and II each required proof of one act of abuse to convict, while Count III required proof of three or more acts of abuse.  *See* Cal. Pen. Code §§ 288(b)(1), 288.5.  Barghoorn challenges his conviction on Count III for continuous sexual abuse of a child, arguing that the state trial court's use of California Jury Instruction - Criminal (CALJIC) No. 17.01 violated due process because it allowed the jury to convict upon proof of only one act of abuse.  The state appellate court rejected the argument, as did the district court.  The district court granted a certificate of appealability and we have jurisdiction under 28 U.S.C. §§ 1291 and 2253.

Barghoorn's due process claim is not forfeited.  A federal court reviewing a state prisoner's conviction pursuant to a petition for a writ of habeas corpus will not review questions of federal law decided by a state court if the state court decision rested on an independent and adequate state law ground.  *La Crosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001).  Here, the State contends that because Barghoorn did not object to CALJIC No. 17.01 at his trial, he has forfeited his challenge to the instruction.  However, Barghoorn's failure to object did not

2

prevent the state appellate court from hearing the merits of his claim. Instead, the appellate court heard the substantive constitutional challenge, but did so under a more deferential standard of review. Rather than conduct de novo review, the state appellate court asked whether the instruction violated Barghoorn's "substantial rights"—an inquiry that "necessarily require[d] an examination of the merits of the claim." *People v. Jimenez*, 246 Cal. App. 4th 726, 730 (2016) (quotations omitted); *see also Michigan v. Long*, 463 U.S. 1032, 1038 n.4 (1983). Because the state appellate court ruled on the merits of Barghoorn's due process claim, there was no independent and adequate state law ground for the decision. Barghoorn's claim is not forfeited.

We also conclude that Barghoorn's claim is not an impermissible challenge to a state court interpretation of state law. The State contends that we cannot grant Barghoorn relief because the gravamen of his challenge is that CALJIC No. 17.01 provided an incorrect interpretation of Cal. Pen. Code § 288.5. *See Estelle v. McGuire*, 502 U.S. 62, 71–72 (1991) ("[T]he fact that [an] instruction was allegedly incorrect under state law is not a basis for habeas relief."). But this mischaracterizes Barghoorn's assertions. His argument does not claim a misinterpretation of state law, but rather that the use of CALJIC No. 17.01 to instruct the jury on Count III violated the federal Due Process Clause. *See Medley*

3

*v. Runnels*, 506 F.3d 857, 865 (9th Cir. 2007) ("[T]he elements of a state crime are determined by state law . . . . Nevertheless, . . . a defendant has the due process right to insist that the state prove beyond a reasonable doubt every element of the offense charged.") (internal citation omitted). Whether CALJIC No. 17.01 denied Barghoorn the constitutional right to have every element of Count III proven is a federal question, and one that we can review on his appeal of the denial of his habeas corpus petition.

Nevertheless, Barghoorn's constitutional challenge fails on the merits. "In a criminal trial, the State must prove every element of the offense, and a jury instruction violates due process if it fails to give effect to that requirement." *Middleton v. McNeil*, 541 U.S. 433, 437 (2004). Barghoorn contends that CALJIC No. 17.01 violated due process by allowing the jury to convict him on Count III on the basis of just one act. Pursuant to CALJIC No. 17.01, the trial court did instruct that the "Defendant may be found guilty if the proof shows beyond a reasonable doubt that he committed any one or more of the acts." Barghoorn argues that the instruction's use of the disjunctive "or" gave the jury an option: convict based on multiple acts of abuse, or convict based on just one. But in the preceding sentence of the instruction, the court mentioned evidence "upon which a conviction in Counts I, II and III may be based." Thus, the phrase "any one or more of the acts"

4

collectively described the acts upon which all three counts may be based; because Counts I and II are single-act offenses, the instruction does not necessarily allow a conviction on Count III based on just one act.

The instruction also cannot be read in isolation, but "must be viewed in the context of the overall charge." *Id*. at 437 (quotations omitted). The charge included another instruction given to the jury, CALJIC No. 10.42.6, which correctly stated that three or more acts were needed to convict on Count III for continuous sexual abuse of a child. *See id.* at 437–38 (rejecting a challenge to an erroneous jury instruction where other parts of the charge correctly stated the law). Read alongside CALJIC No. 17.01, CALJIC No. 10.42.6 makes apparent that CALJIC No. 17.01's phrase "one . . . of the acts" applies to Counts I and II, while "more of the acts" applies to Count III. The most plausible way to read the charge as a whole then is in accordance with the elements of Cal. Pen. Code § 288.5. We cannot say that the state appellate court's decision rejecting the federal due process claim was objectively unreasonable or contrary to clearly established Supreme Court law. *See* 28 U.S.C. § 2254(d)(1).

**AFFIRMED**

5