**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

RICKY DENNIS COOPER,
           *Petitioner-Appellant,*

v.

DWIGHT NEVEN,
           *Respondent-Appellee.*

No. 08-16973

D.C. No.
3:97-CV-00222-
JCM-RAM

OPINION

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted
December 10, 2010—San Francisco, California

Filed April 1, 2011

Before: Procter Hug, Jr., Dorothy W. Nelson, and
M. Margaret McKeown, Circuit Judges.

Opinion by Judge D. W. Nelson

**COUNSEL**

Franny A. Forsman, John C. Lambrose, and Danice Arbor Johnson, Las Vegas, Nevada, for the petitioner-appellant.

Catherine Cortez Masto, Robert E. Wieland, and Alicia L. Lerud, Reno, Nevada, for the respondent-appellee.

---

**OPINION**

D.W. NELSON, Senior Circuit Judge:

Rickey Dennis Cooper appeals the district court's dismissal of his petition for a writ of habeas corpus with prejudice. He argues that the district court erred in concluding that Grounds 3A, 4, 7A(3), 8(3), 8(5), 9, and 10 were procedurally defaulted. He further argues that the district court erred in concluding that the Nevada Supreme Court's dismissal of his claims under *Brady v. Maryland*, 83 S. Ct. 1194 (1963), and *Napue v. Illinois*, 79 S. Ct. 1173 (1959), barred federal review. Rather, he contends that the Nevada Supreme Court's decision did not rest on independent state grounds, and that therefore those claims are available for review in federal court. We affirm in part, reverse in part, and remand to the district court for further proceedings consistent with this opinion.

I.   *FACTUAL AND PROCEDURAL BACKGROUND*

Mr. Cooper was convicted of attempted robbery with the use of a deadly weapon, attempted murder with the use of a deadly weapon, battery with the use of a deadly weapon, and first degree murder with the use of a deadly weapon. He is serving two consecutive life sentences without possibility of parole.

On December 8, 1986, Cooper filed his first state petition for post-conviction relief, which he amended on May 22, 1987. The state district court denied his petition on November 2, 1987, and on September 21, 1988, the Nevada Supreme Court dismissed his appeal.

On July 12, 1990, Cooper filed his second state petition. The district court dismissed it on November 2, 1990, and the Nevada Supreme Court dismissed the appeal on June 27, 1991.

On November 16, 1993, Cooper filed his first federal habeas petition, which was dismissed without prejudice on February 21, 1995. He filed an amended petition on May 21, 1995, which was again dismissed without prejudice on February 29, 1996.

On January 6, 1997, Cooper filed an original petition for habeas corpus with the Nevada Supreme Court. It was denied because it had not first been filed in the state district court.

On April 23, 1997, Cooper filed another federal habeas petition, which he amended for a second time on February 17, 1998. Accepting the magistrate judge's recommendation, the district judge dismissed the petition without prejudice as unexhausted on February 23, 1999.

On August 21, 1997, Cooper filed his third state habeas petition. The State opposed the petition as untimely and successive. The state district court denied the petition, Cooper appealed, and the Nevada Supreme Court found that it was untimely and successive. However, the Nevada Supreme Court remanded for an evidentiary hearing on the question of Cooper's *Brady* claims, which it held may provide cause to excuse the procedural default if true. The state district court conducted an evidentiary hearing and denied his petition. Cooper appealed. On March 2, 2006, the Nevada Supreme Court affirmed the denial of his petition. The Court found that

Cooper had demonstrated cause for not raising the *Brady* violation and witness recantation claims earlier, but that he had failed to demonstrate prejudice. On April 18, 2006, the Nevada Supreme Court denied his petition for rehearing and motion for limited remand.

On May 12, 2006, Cooper filed a motion to reopen his federal habeas petition, which was granted on September 27, 2006. His amended petition was filed November 9, 2006. Respondents filed a motion to dismiss on April 6, 2007. The district court granted that motion on August 11, 2008, finding Cooper's petition procedurally barred. After the district court initially denied Cooper a Certificate of Appealability ("COA"), we granted a COA on November 3, 2009, This appeal followed.

## II. *STANDARD OF REVIEW*

We review the district court's decision to deny a 28 U.S.C. § 2254 habeas petition de novo and its findings of fact for clear error. *McClure v. Thompson*, 323 F.3d 1233, 1240 (9th Cir. 2003). "Mixed questions of law and fact involving constitutional issues are reviewed de novo." *Collier v. Bayer*, 408 F.3d 1279, 1281 (9th Cir. 2005). We review de novo a district court's conclusion that a claim is procedurally defaulted. *Pirtle v. Morgan*, 313 F.3d 1160, 1168 (9th Cir. 2002).

**[1]** The question of whether a habeas petitioner has procedurally defaulted on certain claims is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA"). AEDPA mandates that habeas petitioners exhaust their claims in state court before raising them in federal court. 28 U.S.C. § 2254(b)(1)(A). Exhaustion requires the petitioner to "fairly present" his claims to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). In order to fairly present a claim, the petitioner must clearly state the federal basis and federal nature of the claim, along with relevant

facts. *Anderson v. Harless*, 459 U.S. 4, 6-7 (1982); *Picard*, 404 U.S. at 275-76; *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999). Petitioners are not required to exhaust their claims repeatedly before proceeding to federal court. *Boerckel*, 526 U.S. at 844. If Petitioner properly argued his claims through "one complete round of the State's established appellate review process" during an earlier petition, *id.* at 845, they are exhausted and can be considered in federal habeas proceedings.

**[2]** In addition to the exhaustion requirement, a federal court may not hear a habeas claim if it runs afoul of the procedural bar doctrine. Exhaustion and procedural bar are closely related, but distinct, doctrines. *See Boerckel*, 526 U.S. at 851-56 (Stevens, J., dissenting) (discussing relationship and distinction between doctrines of exhaustion and procedural default, cited with approval by the majority, *see id.* at 848). First, if the state court denied the claim on state procedural grounds, it will be deemed procedurally defaulted unless the petitioner can show cause and prejudice. *See, e.g.*, *Zichko v. Idaho*, 247 F.3d 1015, 1021 (9th Cir. 2001); *Coleman v. Thompson*, 501 U.S. 722, 729-30, 746-47 (1991). Second, if a claim is unexhausted but state procedural rules would now bar consideration of the claim, it is technically exhausted but will be deemed procedurally defaulted unless the petitioner can show cause and prejudice. *See, e.g.*, *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002). State procedural rules must be both independent and adequate in order to bar federal habeas review. *See Ake v. Oklahoma*, 470 U.S. 68, 75 (1985); *Ford v. Georgia*, 498 U.S. 411, 423 (1991); *Valerio v. Crawford*, 306 F.3d 742, 773-74 (9th Cir. 2002) (en banc).

If a petitioner has procedurally defaulted on a claim, a federal court may nonetheless consider the claim if he shows: (1) good cause for his failure to exhaust the claim; and (2) prejudice from the purported constitutional violation; or (3) demonstrates that not hearing the claim would result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at

750; *Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992). An objective factor outside of a petitioner's control (e.g., ineffective assistance of counsel or a basis for the claim that was previously unavailable) could constitute cause. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *McCleskey v. Zant*, 499 U.S. 467, 497 (1991). The petitioner can meet the prejudice prong if he demonstrates "that the errors . . . worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)). A petitioner can demonstrate a fundamental miscarriage of justice by "establish[ing] that under the probative evidence he has a colorable claim of factual innocence." *Sawyer*, 505 U.S. at 339 (quotation marks omitted).

III. *EXHAUSTION*

Respondents first argue that the district court should have considered whether Cooper's claims were unexhausted *before* considering whether the claims were procedurally barred. They contend that some of Cooper's claims were not procedurally barred, but rather unexhausted.

**[3]** Respondents misstate the relationship between exhaustion and procedural default. Contrary to respondents' assertion, claims can be procedurally defaulted even if they are not exhausted. Indeed, one prong of procedural default encompasses claims that were not presented in state court, and would now be barred by state procedural rules from being presented at all. *See, e.g.*, *Beaty*, 303 F.3d at 987. Thus, the district court's finding of procedural bar incorporates claims that were denied by the state courts on procedural grounds as well as any unexhausted claims that would be considered untimely if Cooper attempted to exhaust them now. The latter kind of claim is technically exhausted but procedurally defaulted. *Coleman*, 501 U.S. at 732. For both kinds of default, the relevant question is whether Cooper can show

cause and prejudice to excuse the error. If he can, either form of default would be excused. *See id.* at 750; *Noltie v. Peterson*, 9 F.3d 802, 804-05 (9th Cir. 1993); *Ortiz v. Stewart*, 149 F.3d 923, 932 (9th Cir. 1998). Therefore, it was unnecessary for the district court to address whether Cooper's claims were exhausted, as the issue was rendered moot by the district court's procedural default analysis.

## IV.  *TIMELINESS UNDER AEDPA'S STATUTE OF LIMITATIONS*

Respondents next argue that the district court erred in proceeding to its procedural bar analysis before first examining whether any of Cooper's claims were untimely under AEDPA's statute of limitations. Respondents contend that the timeliness analysis precedes and renders unnecessary the procedural bar analysis.

[4] Respondents are incorrect. Because the court concluded Cooper had not properly raised his claims in state court (i.e., they were procedurally defaulted based on failure to comply with state court procedural rules), it did not need to address whether Cooper had also failed to comply with the federal statute of limitations. The procedural default issue was dispositive, so the court did not need to consider alternative reasons for dismissing the petition.

[5] However, respondents are correct that, because we reverse and remand on three of Cooper's claims, the district court will have to address the State's timeliness argument before it may grant relief on any of those claims. *See Daniels v. United States*, 532 U.S. 374, 381 (2001) ("Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."). Because we reverse many of the district court's procedural default findings (as explained below), whether any of Cooper's claims run afoul of AEDPA's statute of limitations is a

separate issue that must be addressed in the first instance by the district court on remand. *See Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (noting that sorting out issues related to timeliness and tolling are "highly fact-dependent, and [ ] the district court is in a better position to develop the facts and assess their legal significance in the first instance").

## V. *GROUNDS 3A AND 4*

[6] The district court dismissed Cooper's petition, including Grounds 3A and 4, as procedurally defaulted based on the state court's dismissal of them under state procedural rules. Ground 3A is a Due Process, Fair Trial, and Equal Protection claim under the Fifth and Fourteenth Amendments, based on the prosecutor's alleged misconduct, specifically "improper vouching and commentary regarding the credibility of witness Donell Wells." Ground 4 is a separate Due Process, Fair Trial, and Equal Protection claim under the Fifth and Fourteenth Amendments, based on the trial court's allegedly improper questioning and vouching for Wells's credibility.

[7] According to Cooper, the Nevada Supreme Court denied Grounds 3A and 4 on the basis of the "law of the case," stating that it had already "considered and rejected similar claims raised by Cooper in his first post-conviction petition" and that its earlier decision could not be "avoided by more detailed and precisely focused argument." Cooper argues that Grounds 3A and 4 were denied as already litigated and therefore are properly presented for federal review. We disagree.

As a preliminary matter, Respondents argue that this issue is not properly before the court. However, this argument is without merit. The Certificate of Appealability ("COA") covers the issue of "whether the district court properly dismissed appellant's third amended habeas petition as procedurally defaulted." Cooper's contentions with respect to Grounds 3A

and 4 concern the question of whether the district court erred in finding these claims defaulted. Therefore, they are properly before this panel. *See Little v. Crawford*, 449 F.3d 1075, 1079 n.4 (9th Cir. 2006) (addressing an issue relevant to a certified issue because it is " 'predicate to an intelligent resolution of the question presented' ") (quoting *Ohio v. Robinette*, 519 U.S. 33, 38 (1996)).

With respect to Ground 3A, Cooper's third state habeas petition raised this claim for the first time.[1] On July 24, 2000, the Nevada Supreme Court "affirmed the district court's judgment [dismissing all claims in Cooper's third state habeas petition] except in regard to Cooper's claim that a witness to the murder, Donnel Wells, had recanted his trial testimony and alleged that he had been pressured and paid to testify." Although the Nevada Supreme Court recognized the possibility that Cooper could show cause and prejudice with respect to the *Brady* violation, it held "as to the remaining contentions in appellant's petition [including Ground 3A], the district court did not err in determining that appellant failed to demonstrate adequate cause or prejudice to excuse the procedural defects."

**[8]** The court's "law of the case" statements to which Cooper refers occurred during the subsequent appeal only on the narrow issue of *Brady*. On March 2, 2006, the Nevada

---

[1]On September 21, 1988, the Nevada Supreme Court found there was no improper bolstering of Wells's testimony by the court or the prosecution, but those facts were presented as ineffective assistance of counsel claims rather than due process claims. In his second state habeas petition, Cooper "alleged that his right to due process was violated by the district attorney and the district court during pretrial, trial and post-conviction proceedings." However, the only facts supporting this due process claim were unrelated to the improper bolstering claim—the due process claim in the second state habeas petition related to media coverage at the time of trial. The Nevada Supreme Court affirmed the trial court's denial of that petition, because "no . . . explanation was offered" of the due process violations.

Supreme Court found that Cooper failed to demonstrate prejudice from the *Brady* violations, despite showing cause. In finding no prejudice, the state court rejected Cooper's claim that Wells's recantation was inherently prejudicial because the prosecution and court improperly bolstered his testimony. In so holding, the state court referenced its September 21, 1988 decision, which held there was no improper bolstering (the factual bases for Grounds 3A and 4) and declined to revisit that opinion or find increased risk of prejudice due to the alleged bolstering because the state court had already rejected those bolstering claims on the merits.

**[9]** We therefore disagree with Cooper's contention that the Nevada Supreme Court denied Grounds 3A and 4 on the basis of the "law of the case," stating that it had already "considered and rejected similar claims raised by Cooper." Cooper refers to the March 2, 2006 Nevada Supreme Court decision —a decision reviewing a limited remand to the state district court for an evidentiary hearing on whether the *Brad*y violation (recanted testimony) was excused from procedural default by a showing of cause and prejudice. The limited remand for an evidentiary hearing with respect to prejudice from the *Brady* violation shaped a limited final decision by the state supreme court, holding only that there was no prejudice from the Brady violation and not itself denying Grounds 3A and 4. Cooper argued that the misconduct underlying Grounds 3A and 4 heightened the prejudice from the *Brady* violation—in finding no prejudice, the Nevada Supreme Court merely noted it had already rejected those claims of misconduct and thus declined to find the risk of prejudice was heightened. Rather than deciding the question of whether Ground 3A should be dismissed (and on what basis), the Nevada Supreme Court merely referenced its prior rulings with respect to alleged improper bolstering to support its final decision that there was no prejudice from any *Brady* violation. Its earlier decision on July 24, 2000, is thus the relevant one for purposes of procedural default on Ground 3A and, in that

decision, it held that Cooper had "failed to demonstrate adequate cause or prejudice to excuse the procedural defects."

**[10]** With respect to Ground 4, Cooper never exhausted this claim in state court in the first place. Unlike Ground 3A, which Cooper raised in his third state habeas petition, Cooper *never* alleged Ground 4 of the federal petition, that the court violated his due process rights through improper bolstering. Thus, the district court did not err in finding this claim procedurally defaulted. *See Coleman*, 501 U.S. at 732 (unexhausted claims that would be untimely if the petitioner attempted to exhaust them now are procedurally defaulted)).

**[11]** We therefore affirm the district court's finding that Grounds 3A and 4 were procedurally defaulted.

## VI.   *GROUNDS 7A(3), 8(5), and 8(3)*

**[12]** Cooper argues that the district court erred in finding Grounds 7A(3), 8(5), and 8(3) of his habeas petition procedurally defaulted (because they were re-presented in his 2006 petition) rather than exhausted (because they were presented in his first petition). Ground 7A(3) is an IAC claim based on trial counsel's failure to object to alleged prosecutorial misconduct. Ground 8(5) is an IAC claim based on appellate counsel's failure to raise the trial court's alleged improper bolstering of Wells's testimony. Ground 8(3) is an IAC claim based on appellate counsel's failure to raise the prosecutor's alleged misconduct in vouching for Wells's credibility.

**[13]** Petitioners are not required to exhaust their claims repeatedly before proceeding to federal court. *Boerckel*, 526 U.S. at 844. If a petitioner properly argued his claims through "one complete round of the State's established appellate review process" during an earlier petition, *id.* at 845, they are exhausted and can be considered in federal habeas proceedings. Cooper argues that the Nevada Supreme Court affirmed the trial court's denial of these claims on the merits during his

first round of post-conviction review. Therefore, according to Cooper, these claims are not procedurally barred. We agree.

Ground 7A(3), failure to object to alleged prosecutorial misconduct, was properly exhausted in Cooper's first state post-conviction proceeding. This claim was raised in the first amended petition and discussed in Cooper's brief to the Nevada Supreme Court. The Nevada Supreme Court addressed the claim and denied it on the merits. Similarly, Ground 8(5), appellate counsel's failure to raise the trial court's allegedly improper bolstering of Wells's testimony, was properly exhausted at the same time. Cooper raised it in his first state petition, discussed it in his appellate brief, and the Nevada Supreme Court denied it on the merits. The Nevada Supreme Court later confirmed that it had addressed the trial court's allegedly improper conduct on the merits.

Ground 8(3), appellate counsel's failure to raise the prosecutor's misconduct in vouching for Wells's credibility, presents a slightly different issue. Cooper raised this claim in his appellate brief during his first state post-conviction proceeding and the Nevada Supreme Court denied it on the merits. Furthermore, the Nevada Supreme Court later confirmed that it had addressed the question of prosecutorial misconduct on the merits. Unlike Grounds 7A(3) and 8(5) discussed above, Cooper did not raise Ground 8(3) until his appellate brief in state court. However, we have previously held that if the highest state court considers the merits of the claim, then exhaustion is satisfied. *See Greene v. Lambert*, 288 F.3d 1081, 1086 (9th Cir. 2002) (holding that petitioner exhausted claim when it was "actually considered at least once on the merits by the highest state court") (citing *Castille v. Peoples*, 489 U.S. 346, 350 (1989)). Thus, because the Nevada Supreme Court "adjudicated the claim on the merits, then the claim may proceed." *Id.* at 1086.

**[14]** Because each of these grounds was denied on the merits in the Nevada Supreme Court, we reverse the district court's dismissal of these claims as procedurally defaulted.

## VII. *GROUNDS 9 AND 10*

**[15]** Next, Cooper alleges that the district court erred in finding Grounds 9 and 10 procedurally defaulted. Ground 9 is an alleged Fifth and Fourteenth Amendment due process violation stemming from the state trial court's failure to conduct an in camera inspection of the prosecutor's trial file during the post-conviction evidentiary hearing. Ground 10 is an alleged Fifth and Fourteenth Amendment due process violation arising from the State's destruction or loss of the prosecutor's trial notes.

Both of these grounds stem from activities arising out of the state trial court's consideration of his last state habeas petition. Cooper argues that they were denied on the merits (rather than on procedural default grounds) by the Nevada Supreme Court on appeal from the denial of that last petition, and that they are therefore available for federal review.

**[16]** We affirm the district court's dismissal of Grounds 9 and 10. Regardless of the procedural default status of these claims, they are not cognizable for federal habeas review. *See Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) ("[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings.").

## VIII. BRADY *AND* NAPUE *RELATED CLAIMS*

**[17]** Finally, Cooper argues that the district court erred in dismissing his *Brady* and *Napue* claims as procedurally defaulted. Cooper does not dispute that he defaulted on these claims; rather, he argues that the state procedural rules under which the Nevada courts denied his claims were not independent of federal law. We agree.

**[18]** The Nevada state courts found Cooper's last state petition barred by two state procedural rules: Nevada Revised

Statutes §§ 34.726(1) and 34.810(2). Both of those rules contain a cause-and-prejudice exception. §§ 34.726(1), 34.810(3). Cooper argues that the Nevada Supreme Court's cause and prejudice analysis was not independent of federal law because it was based on the merits of his federal *Brady* claim.[2]

When a federal constitutional claim is antecedent to a state court procedural determination, it does not preclude federal review. *See Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003). In *Bennett*, we noted the longstanding rule that "[f]ederal habeas review is not barred if the state decision fairly appears to rest primarily on federal law, or to be interwoven with the federal law." *Id.* (quotations omitted); *see also La Crosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001) ("For a state procedural rule to be " 'independent,' " the state law basis for the decision must not be interwoven with federal law." (citing *Michigan v. Long*, 463 U.S. 1032, 1040-41 (1983))).

Although respondents point out that both rules have been held to be independent and adequate in previous Ninth Circuit cases, respondents ignore the case-by-case inquiry required for us to conclude that a state court decision is based on independent grounds. *See Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003) (holding that Nev. Rev. Stat. § 34.810 was independent where the court did not "consider the merits of a constitutional claim when deciding whether or not to apply the bar"); *Bargas v. Burns*, 179 F.3d 1207, 1213-15 (9th Cir. 1999) (finding procedural default based on an independent rule where the petitioner could have raised his claim on a previous appeal); *Moran v. McDaniel*, 80 F.3d 1261, 1268-70 (9th Cir. 1996) (holding a Nevada state rule independent where the court only discussed the merits of the claim "strictly for the purpose of demonstrating that [Moran] cannot overcome his procedural defaults by a showing of cause and

---

[2]Cooper does not make an argument as to the adequacy of the state procedural rules. Therefore, we do not address it here.

prejudice"); *see also LaCrosse*, 244 F.3d at 705-06 (explaining that California Supreme Court's denial of petition based on untimeliness would *not* bar federal review unless its "determin[ation] that [petitioner's] allegation of constitutional error did not meet the criteria for the error of constitutional magnitude exception" was based solely on state constitutional law).

**[19]** In this case, the Nevada Supreme Court explicitly relied on its federal *Brady* analysis as controlling the outcome of its state procedural default analysis. It stated, "The second and third *Brady* components parallel the good cause and prejudice necessary to overcome the procedural bars; therefore, proving that the State withheld evidence generally establishes cause, and proving that the withheld evidence was material establishes prejudice." Unlike other cases, where discussion of the merits of a claim occurs simply to determine whether the claim could have been raised earlier, here the claim is itself the justification for the default. As the Nevada Supreme Court explained, in the context of *Brady* claims, the merits of the claim dovetail exactly with the cause-and-prejudice analysis. Thus, its decision did not rest on an independent and adequate state ground and does not bar federal habeas review. *See Ake*, 470 U.S. at 74-75 (finding Oklahoma waiver rule not independent because there was an exception for "fundamental trial error," which in this case rested on "the determination of whether federal constitutional error has been committed").

**[20]** Therefore, we reverse the district court's finding of procedural default with respect to Cooper's *Brady* and *Napue* related claims, and remand to the district court for further proceedings.

## IX. *CONCLUSION*

We affirm the district court's dismissal of Cooper's petition with respect to Grounds 3A, 4, 9, and 10, reverse its dismissal with respect to Grounds 7A(3), 8(3), and 8(5), reverse its dis-

missal with respect to the *Brady* and *Napue* claims, and remand to the district court for further proceedings consistent with this opinion.

Each party shall bear its own costs.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**