**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 06 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD E. SHREVES,<br><br>    Petitioner - Appellant,<br><br>  v.<br><br>STATE OF MONTANA,<br><br>    Respondent - Appellee. | No. 10-35637<br><br>D.C. No. 6:10-cv-00019-DWM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted January 11, 2012
Seattle, Washington

Before:  TASHIMA, GRABER, and RAWLINSON, Circuit Judges.

Petitioner Richard E. Shreves appeals the district court's summary dismissal of his 28 U.S.C. § 2254 habeas petition.  Reviewing de novo, Cooper v. Neven, 641 F.3d 322, 326 (9th Cir.), cert. denied, 132 S. Ct. 558 (2011), we reverse and remand with instructions that the district court order a response from Respondent State of Montana and direct Respondent to file a copy of the state-court record.

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1. The district court erred in summarily dismissing Petitioner's claim of ineffective assistance of counsel. Summary dismissal is appropriate only "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." 28 U.S.C. § 2254 pt. VI, ch. 153, Rule 4. In the petition, Petitioner alleges that his lawyer failed to investigate whether Petitioner was taking his psychotropic medications and, if so, the effects of those medications, and whether Petitioner was competent. Petitioner's allegations of incompetence have potential merit because of his personal history. For instance, less than a year before the trial at issue here, a district court judge in Idaho declared Petitioner incompetent to stand trial. Additionally, reports in the record state that Petitioner improved only with medication and that he had stopped taking his medication in the months before this trial. It is not clear that no mental health records exist from the time Petitioner left the mental hospital until trial, and it is not clear that his counsel performed adequately by not obtaining further evaluations and pursuing mental health arguments against guilt or, at a minimum, on sentencing mitigation.

We are cognizant of the double deference that we must give to the state-court proceedings here. Knowles v. Mirzayance, 129 S. Ct. 1411, 1420 (2009). And the state-court record, which Respondent must provide on remand, may lead to dismissal on the pleadings. For instance, the state-court record might contradict

2

some of Petitioner's allegations about his counsel's conduct during trial. But, without the state-court record, we cannot say that Petitioner "plainly . . . is not entitled to relief" on his ineffective assistance of counsel claim. 28 U.S.C. § 2254, Rule 4.

2. For the same reasons, the district court erred in summarily dismissing Petitioner's claim that the trial court failed to inquire into his competency, in violation of his due process rights. See Stanley v. Cullen, 633 F.3d 852, 860 (9th Cir. 2011) (citing Drope v. Missouri, 420 U.S. 162, 172 (1975); Pate v. Robinson, 383 U.S. 375, 378 (1966)).

3. But the district court did not err in summarily dismissing Petitioner's Sixth Amendment claim regarding his right to be present during critical proceedings. See Hovey v. Ayers, 458 F.3d 892, 901 (9th Cir. 2006) (citing United States v. Wade, 388 U.S. 218, 224–25 (1967)). Petitioner correctly concedes that three of the four proceedings alleged to be "critical" in the petition are not, in fact, "critical" for purposes of the Sixth Amendment. The final proceeding—an in camera hearing regarding alleged juror misconduct—is also not a "critical" proceeding for purposes of the Sixth Amendment. United States v. Long, 301 F.3d 1095, 1103 (9th Cir. 2002) (per curiam).

**AFFIRMED in part, REVERSED in part, and REMANDED with instructions.**

3

*Shreves v. State of Montana*, No. 10-35637

**Rawlinson, Circuit Judge, concurring in part and dissenting in part:**

I respectfully dissent from that portion of the majority disposition reversing the district court's summary dismissal of the habeas petition filed by Richard E. Shreves. Although Petitioner alleged that his lawyer failed to investigate whether Petitioner was taking medications and/or the effects of those medications, there is no allegation that Petitioner was incompetent or that there was a reasonable probability that an investigation by Petitioner's counsel would have affected the outcome of his proceedings. *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) (noting that liberal interpretation of a *pro se* complaint "may not supply essential elements of the claim that were not initially pled"); *see also Turner v. Calderon*, 281 F.3d 851, 873 (9th Cir. 2002) (describing the elements of ineffective assistance of counsel as including a probable effect on the outcome of the proceedings).

The reversal based on the district court's failure to *sua sponte* examine Shreves' competency is even more indefensible. Nothing in the complaint even remotely suggests that the judge was alerted to a potential issue of competency. We are not *de facto* counsel for habeas petitioners and should not manufacture causes of action where none have been legally pled. For that reason, I respectfully dissent.