**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 9 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10443 |
| Plaintiff - Appellee, | D.C. No. 4:08-CR-00460-PJH-1 |
| v. | |
| ANTHONY EARL MITCHELL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief District Judge, Presiding

Submitted September 18, 2015[**]
San Francisco, California

Before: CHRISTEN and FRIEDLAND, Circuit Judges and LEMELLE, District Judge. [***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Ivan L.R. Lemelle, Senior District Judge for the U.S. District Court for the Eastern District of Louisiana, sitting by designation.

1

Defendant-Appellant Anthony Earl Mitchell ("Mitchell") appeals the sentence imposed following the revocation of his supervised release. Mitchell contends that the 36-month sentence imposed by the district court is improper due to an error in the jury instructions that led to his predicate conviction.

In 1992, Mitchell was originally tried in a multi-count indictment in the Western District of Louisiana for, among other things, knowingly and intentionally possessing cocaine base, or "crack," with the intent to distribute. The evidence at trial established that Mitchell gave a confidential informant 186.1 grams of crack in a purple crown royal bag. Notably, though, the judge's jury instructions used the term "cocaine" rather than "cocaine base" when instructing the jury on Count XIII. Mitchell's attorney did not object to the court's use of the term "cocaine" when prompted and did not seek to give the jury additional instructions on that issue. Despite the allegedly erroneous jury instruction, the jury found Mitchell guilty on Count XIII, which, in the indictment, expressly refers to "cocaine base or 'crack.'"[1]

Mitchell subsequently appealed his conviction to the United States Court of Appeals for the Fifth Circuit on three grounds without raising the jury instruction issue. After losing on appeal, Mitchell filed a 28 U.S.C. § 2255 petition that

---

[1] The verdict form did not list the elements of Count XIII, it only provided the count number, but there has been no showing that the jury was confused in that regard.

2

challenged the subject jury instruction. That petition was denied by the trial court and the Fifth Circuit, and the Supreme Court of the United States rejected his petition for a Writ of Certiorari.

In 2008, the United States District Court for the Western District of Louisiana reduced Mitchell's sentence pursuant to 18 U.S.C. § 3582(c)(2). He was subsequently released from prison and supervision of his five-year supervised release term was transferred to the United States District Court for the Northern District of California. In 2012, Mitchell violated a condition of his supervised release upon his arrest for possessing over 5 ounces of methamphetamine. As a result, he was sentenced to 36 months incarceration in the Northern District of California. It is this sentence that Mitchell challenges based on an allegedly erroneous jury instruction from his original trial in the Western District of Louisiana.

Mitchell challenges the sentence on *Apprendi* grounds, claiming that the jury from his original conviction found that he possessed cocaine and never found that he possessed cocaine base beyond a reasonable doubt. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("[A]ny fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). Accordingly, Mitchell argues that the 36-month sentence is inappropriate because it is beyond the two-year maximum for a class C felony. The district court decided that an underlying conviction may not be collaterally attacked

in a supervised release revocation proceeding. In response to the district court's decision, Mitchell contends that his *Apprendi* claim did not ripen until the California court revoked his supervised release and imposed a sentence beyond the statutory maximum for a class C felony.

This Court reviews de novo a district court's finding that a claim is procedurally barred. *Cooper v. Neven*, 641 F.3d 322, 326 (9th Cir. 2011). Mitchell contends that he is simply challenging the imposition of a new sentence—a claim that did not ripen until he violated a condition of supervised release and a new sentence was imposed. He undoubtedly presents a challenge to his post-revocation sentence, but that challenge also turns on the validity of his underlying conviction. By claiming, under *Apprendi*, that his post-revocation sentence is improper due to erroneous jury instructions in his initial trial, Mitchell's challenge arguably involves an attack on the underlying conviction. This Court has held that a defendant cannot collaterally attack an underlying conviction at a revocation proceeding. *See, e.g., United States v. Simmons*, 812 F.2d 561, 563 (9th Cir. 1987).

Even if Mitchell could attack his underlying conviction at this stage, however, his claim would still fail because any *Apprendi* error in his original trial was harmless. "Not all violations of *Apprendi* warrant reversal." *United States v. Guerrero-Jasso*, 752 F.3d 1186, 1193 (9th Cir. 2014). An error is harmless, and does not require reversal, "if the court finds beyond a reasonable doubt that the result

4

'would have been the same absent the error.'" *United States v. Zepeda-Martinez*, 470 F.3d 909, 913 (9th Cir. 2006) (quoting *Neder v. United States*, 527 U.S. 1, 19 (1999)). Here, the overwhelming evidence at trial indicated that Mitchell handed 186.1 grams of crack to a confidential informant. Moreover, defense counsel admitted at the revocation hearing that the evidence presented at trial only supported a crack violation, not a cocaine violation. Accordingly, this Court is convinced beyond a reasonable doubt that Mitchell would have been convicted for the same offense regardless of whether the jury had been instructed on crack cocaine or powder cocaine. Any *Apprendi* error was harmless and reversal is not warranted.

**AFFIRMED.**