**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| RICKEY DENNIS COOPER,<br><br>          Petitioner-Appellant,<br><br>     v.<br><br>JO GENTRY, Warden,<br><br>          Respondent-Appellee. | No.   15-15755<br><br>D.C. No.<br>3:97-cv-00222-JCM-WGC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted November 17, 2016
San Francisco, California

Before:  MELLOY,[**] CLIFTON, and WATFORD, Circuit Judges.

The Nevada Supreme Court adjudicated Rickey Cooper's claims under

*Brady v. Maryland*, 373 U.S. 83 (1963), and *Napue v. Illinois*, 360 U.S. 264

(1959), on the merits.  *See Cooper v. Neven*, 641 F.3d 322, 333 (9th Cir. 2011).  As

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Michael J. Melloy, United States Circuit Judge for the
U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

a result, we must review the Nevada Supreme Court's ruling under the deferential standard prescribed by 28 U.S.C. § 2254(d).

The Nevada Supreme Court determined that there was no "reasonable possibility" that Donnell Wells' recanted testimony or the prosecution's failure to disclose the payment of money to Wells affected the outcome of the trial. The court based its conclusion on the fact that other evidence at trial established Cooper's guilt. For example, other eyewitnesses testified that Cooper was in the front passenger seat of the car from which gun shots were fired; that Cooper extended a gun out of the front passenger window; that Cooper fired the gun; and that victim Ricky Williams ran away from the car, clutching his chest, as the gun was drawn back into the car. In light of this evidence, the Nevada Supreme Court's decision was not contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. Nor was it based on an unreasonable determination of the facts.

The Nevada Supreme Court's application of the reasonable possibility standard amounts to a ruling that Cooper failed to satisfy the materiality standard necessary to prevail on either a *Brady* or a *Napue* claim. The reasonable possibility standard is equivalent to the materiality standard for *Napue* claims. *See United States v. Bagley*, 473 U.S. 667, 679–80 & n.9 (1985). And, because the

materiality standard for *Brady* claims is more demanding than the reasonable possibility standard, *Strickler v. Greene*, 527 U.S. 263, 291 (1999), failure to satisfy the reasonable possibility standard necessarily forecloses relief under *Brady*.

**AFFIRMED.**