NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 18 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHN JOEY MARKS,

Petitioner-Appellant,

v.

CALVIN JOHNSON; ATTORNEY
GENERAL FOR THE STATE OF
NEVADA,

Respondents-Appellees.

No.    22-16768

D.C. No.
2:17-cv-01413-JCM-BNW

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted November 5, 2024
Phoenix, Arizona

Before:  HAWKINS, TASHIMA, and OWENS, Circuit Judges.

John Marks appeals from the district court's denial of his second amended

habeas petition challenging his conviction via guilty plea to robbery with use of a

deadly weapon.  As the parties are familiar with the facts, we do not recount them

here.  We review the district court's conclusion that his claims are procedurally

---

*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

defaulted de novo. *Cooper v. Neven*, 641 F.3d 322, 326 (9th Cir. 2011). We affirm.

1. Marks argues he can show cause and prejudice to overcome the procedural default on his claim that his guilty plea was not entered knowingly, intelligently, and voluntarily because of his low intellectual functioning, mental illness, and traumatic brain injury. Whether a defendant is competent to plead guilty is a question related to but separate from whether a defendant's guilty plea is done knowingly, intelligently, and voluntarily. *See Godinez v. Moran*, 509 U.S. 389, 400–01 (1993). But here, Marks's argument is one in the same: because he was not competent to plead guilty, he could not have entered a valid plea.

The district court determined that regardless of whether or not Marks could show cause, he could not show prejudice to overcome the procedural default on this claim. To show prejudice, Marks must show that the errors in the state court "worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *Cooper*, 641 F.3d at 327 (emphasis and alteration in original) (citation omitted). He has not done so.

The various transcripts from Marks's proceedings do not indicate that he could not enter a valid guilty plea. *See United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008) ("Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the

2

plea."). Although Marks was hospitalized multiple times prior to his arrest, he was "at baseline with his level of functioning" at discharge, and the record does not show he displayed symptoms of mental illness during these proceedings. *See United States v. Garza*, 751 F.3d 1130, 1136 (9th Cir. 2014) ("Even a mentally deranged defendant is out of luck if there is no indication that he failed to understand or assist in his criminal proceedings."); *cf., e.g.*, *United States v. Neal*, 776 F.3d 645, 657 (9th Cir. 2015) ("Reviewing the record, [the petitioner] did not manifest any observable signs of incompetency during his proceedings such that a reasonable judge would experience genuine doubt about his competency."). At no point did defense counsel raise competency as an issue. *See Maxwell v. Roe*, 606 F.3d 561, 574 (9th Cir. 2010) ("[D]efense counsel will often have the best-informed view of the defendant's ability to participate in his defense." (citation omitted)). Prior competency evaluations completed closest in date to the underlying criminal matter and evaluations from those who assessed Marks more than once concluded Marks was malingering. Marks's plea colloquies in prior criminal proceedings also do not suggest he lacked competence. Finally, the new evidence Marks submitted, including a 2017 evaluation, and an unsworn declaration from his sister, do not show Marks could not have entered a valid guilty plea in 2015.

Although Marks has shown he suffers from some sort of mental illness and

3

was found not competent to stand trial in the past, he has not shown he was not competent to enter a knowing, intelligent, and voluntary plea in 2015. Therefore, Marks has not shown prejudice. Because Marks has not shown prejudice, he cannot overcome the procedural default as to this claim. *See United States v. Pollard*, 20 F.4th 1252, 1256 (9th Cir. 2021) ("[W]e find it unnecessary to determine whether [petitioner] has shown cause, because we are confident he suffered no actual prejudice of a degree sufficient to justify collateral relief." (citation omitted)).

2. Marks argues he can show cause and prejudice to overcome the procedural default on his ineffective assistance of counsel claim. The State concedes he has shown cause under *Martinez v. Ryan*, 566 U.S. 1 (2012), because he did not have the assistance of counsel during his post-conviction proceedings.

The district court determined Marks could not show prejudice to overcome the procedural default on this claim. "To establish 'prejudice' under *Martinez*, the underlying trial counsel ineffective assistance of counsel claim must also be 'a substantial one, which is to say . . . that the claim has some merit.'" *Michaels v. Davis*, 51 F.4th 904, 931 (9th Cir. 2022) (alteration in original) (quoting *Martinez*, 566 U.S. at 14), *cert. denied*, 144 S. Ct. 914 (2024). To succeed on an ineffective assistance of counsel claim, a defendant must show: 1) "counsel's performance was deficient"; and 2) "the deficient performance prejudiced the defense."

4

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).

To show prejudice under *Strickland*, Marks "has to show . . . that there was 'a reasonable probability that [he] would have been found incompetent to [plead guilty] had the issue been raised and fully considered.'" *Clark v. Arnold*, 769 F.3d 711, 730 (9th Cir. 2014) (citation omitted). As noted, Marks has not shown he was not competent to enter a valid guilty plea. Therefore, he cannot show prejudice under *Strickland* and cannot show his ineffective assistance of counsel claim has some merit to establish prejudice to overcome procedural default.

3. We affirm the district court's denial of the petition of habeas corpus.

**AFFIRMED.**