# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 43383-2015

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Lewiston, April 2016 Term** |
| Plaintiff-Respondent, | ) | |
| | ) | **2016 Opinion No. 43** |
| v. | ) | |
| | ) | **Filed: April 26, 2016** |
| BRIAN NEIL PRATT, | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Second Judicial District of the State of Idaho, in and for Nez Perce County. Hon. Jeff M. Brudie, District Judge.

The judgment of the district court is <u>affirmed</u>.

Eric D. Fredericksen, Deputy State Appellate Public Defender, Boise, argued for appellant.

Mark W. Olson, Deputy Attorney General, Boise, argued for respondent.

---

EISMANN, Justice.

This is an appeal out of Nez Perce County alleging that the district court erred in failing to grant a mistrial on the ground that an answer given by a prospective juror during voir dire examination prejudiced the entire jury panel against the defendant. Because the defendant passed the jury for cause at the end of the voir dire examination, he waived any objection to the jury panel. Therefore, we affirm the judgment of the district court.

## I.
## Factual Background.

Brian Neil Pratt ("Defendant") was charged with two counts of delivery of a controlled substance and one count of trafficking in methamphetamine, all of which were felonies. He absconded after the first day of trial and was found guilty of all three counts in absentia. He was arrested about three months later. For each of the charges of delivery of a controlled substance

(counts one and three), the district court sentenced him to the custody of the Idaho Board of Correction for five years, with two years fixed and the remaining three years indeterminate, and the court ordered that those sentences run concurrently. For the trafficking charge (count two), the court sentenced him to the custody of the board of correction for a period of twenty years, with the first ten years fixed and the remaining ten years indeterminate. The court ordered that this sentence be served consecutively to the sentences for counts one and three. Defendant timely appealed, challenging only the district court's denial of his motion for a mistrial based upon a comment made by a prospective juror during voir dire.

The jury selection began at 9:10 a.m. on March 18, 2013. The prospective jurors had each been given a paddle with a number on it, and the district court asked them to hold the paddle up if they would answer "Yes" to any questions asked to the panel as a whole. The court began the questioning, and when it asked whether any members of the panel knew Defendant, a prospective juror raised his paddle. The following dialogue then occurred:

> THE COURT: [the prospective juror]?
> [PROSPECTIVE JUROR]: Yes.
> THE COURT: How do you know Mr. Pratt?
> [PROSPECTIVE JUROR]: Just running into him, people—other people that we knew together.
> THE COURT: Okay. You have lived in Lewiston for a while?
> [PROSPECTIVE JUROR]: Yeah.
> THE COURT: Alright. Thank you.

When the prosecutor commenced her questioning of the prospective jurors, she asked the prospective juror how he knew Defendant, and his answer was the basis for Defendant's later request for a mistrial. The dialogue was as follows:

> THE PROSECUTOR: [Prospective Juror], without telling me exactly the nature of your relationship with Mr. Pratt, would that relationship cause you concern about sitting in this case as—
> [PROSPECTIVE JUROR]: I don't know about this case, but I got in trouble awhile back and same thing that he's in trouble kind of for. That's how I know him.

The prosecutor then asked the prospective juror if he would be better suited for a jury where he did not know the defendant, and he agreed. The prosecutor moved to excuse the prospective juror for cause, defense counsel stated that he had no objection, and the court excused the prospective juror.

2

The jury selection continued until about 10:05 a.m., when the district court took a recess and instructed the jury to return at 10:20 a.m. The court resumed the proceedings at 10:21 a.m. in another courtroom in order to hear defense counsel's motion for a mistrial outside the presence of the jury. The court first had the court reporter read the prosecutor's question to the prospective juror and his response. Defense argued that the entire jury panel had been tainted by the prospective juror's answer and that the harm could not be undone by a limiting instruction. The prosecutor argued that the prospective juror had not stated that he had dealt with Defendant either by obtaining drugs from him or providing them to him; only that he had similar charges as did Defendant. The court agreed with the prosecutor, stating that the prospective juror "indicated that he had been charged and that he knew Mr. Pratt through his prior action, but he doesn't really make direct accusations against Mr. Pratt for having been involved with delivery of controlled substance or anything of that nature." Therefore, the court denied the motion for a mistrial. The parties returned to the courtroom, where the prosecutor finished her voir dire examination of the prospective jurors. The defense then conducted his voir dire examination of the prospective jurors. At the conclusion of the voir dire, defense counsel passed the jury panel for cause.

The appeal was initially heard by the Idaho Court of Appeals, which vacated Defendant's judgment of conviction on the ground that the district court erred in failing to grant Defendant's motion for a mistrial because the prospective juror's statement during voir dire tainted the jury panel, denying him his right to a fair trial. We granted the State's petition for review. In cases that come before this Court on a petition for review of a decision of the Court of Appeals, we do not review the decision of the Court of Appeals. We hear the case anew as if the appeal had come directly to this Court. *State v. Suriner*, 154 Idaho 81, 83, 294 P.3d 1093, 1095 (2013).

## II.
## Analysis

Spencer J. Hahn, the deputy state appellate public defender who wrote Defendant's brief on appeal, based his argument upon misquoting the prospective juror.[1] He quoted the juror

---

[1] Mr. Hahn is no longer employed by the State Appellate Public Defender, and as of February 4, 2015, he is no longer licensed to practice law in Idaho.

eleven times in the brief, and each time Mr. Hahn misquoted him. The juror said: "I don't know about this case, but I got in trouble awhile back and same thing that he's in trouble kind of for. That's how I know him." Mr. Hahn changed the quotation to, "I got in trouble and [for the] same thing that he's in trouble for. That's how I know him." We need not decide whether the prospective juror's vague statement was sufficient to bias the jury panel against Defendant because the action of his trial counsel shows that it was not.

Both drug sales for which Defendant was convicted were made to a confidential informant. During the prosecutor's voir dire, the jurors agreed that confidential informants do not "come to this case with clean hands, so to speak," and that the use of confidential informants is "[k]ind of something that they [the police] have to do." The prosecutor questioned several jurors who had been the victims of drug-related crime, and she concluded her questioning by asking the jury panel whether the nature of the charges would disqualify any of them from being a juror in this case. None of them indicated that it would.

During defense counsel's voir dire, he questioned several of those jurors, and they stated that they would be impartial. He asked the panel if any of them "feel that a confidential informant is more credible because they are working for the State?" None of the jurors indicated that he or she did. He asked whether any of them felt a confidential informant was less credible, and one prospective juror stated, "Well, my understanding a lot of times a confidential informant is cutting a deal for themselves and they have a motivation to give the State what they want." Defense counsel asked whether any other jurors felt the same. Some unknown number did, because defense counsel then said, "If you can hold your paddles up for just a minute, and, again, I'm a pretty slow writer."

Defense counsel asked the panel, "Does anyone believe that if someone is associated with a person who is involved in suspicious or illegal activity that you would tend to think that the person is also involved with that illegal or suspicious activity?" None of the jurors indicated that they did so believe. He then asked, "So if someone hangs out with person No. 1, that he's doing illegal stuff or questionable stuff, does that mean that person No. 2 is automatically in the same line in your opinion?" None of the jurors indicated that it did. These questions were apparently asked to see if any juror was prejudiced based upon the prospective juror's challenged answer that prompted Defendant's motion for a mistrial.

4

At the conclusion of defense counsel's voir dire examination of the jury panel, the district court asked him if he "pass[ed] the panel for cause," and defense counsel answered, "Yes, your honor." Counsel then exercised their peremptory challenges. Once that was done, the court had the twelve jurors and the alternate juror sit in the jury box. It then asked defense counsel if he "accept[ed] this jury," and defense counsel responded, "Yes, your Honor."[2] The jury selection ended at 11:28 a.m. At the conclusion of the lunch recess but before the jury entered the courtroom, the court asked each counsel if there was anything before the jury returned. The prosecutor asked that witnesses be excluded. The court asked defense counsel if there was "[a]nything from the Defense," and he answered, "No, your Honor."

Defendant waived any claim that the jury panel was biased when his counsel made the tactical decision to pass the jury for cause. In *State v. Bitz*, 93 Idaho 239, 460 P.2d 374 (1969), the defendant contended on appeal that the trial court erred in denying his motion for a change of venue because "prejudicial news publicity prior to trial made it impossible for him to receive a trial by a fair and impartial jury in Lewiston." *Id.* at 242, 460 P.2d at 377. This Court held that there was no error because the defendant had passed the jury for cause. We stated:

> Additionally it should be noted that the appellant did not challenge for cause any of the jurors finally selected. If appellant were dissatisfied with the jury and believed that any juror was prejudiced against him, he should have raised the issue by challenging that juror for cause. His failure to do so indicates a satisfaction with the jury as finally constituted.

*Id*. at 243, 460 P.2d at 378.

In *Mulford v. Union Pacific Railroad*, 156 Idaho 134, 321 P.3d 684 (2014), the plaintiff challenged a prospective juror for cause after the juror stated that he did not believe he could award damages for pain and suffering even if the law, in fact, supports that the plaintiff was entitled to such damages. *Id*. at 137, 321 P.3d at 687. The trial court then questioned the prospective juror and received an answer of "Yes" to the question, "If I were to instruct you that certain items of damages are compensable and you believe that the evidence supported those items of damage, would you follow my instructions and award the damages that this the [sic] evidence would support?" *Id*. Based upon that answer, the trial court denied the challenge for cause. *Id*. Plaintiff's counsel then stated that he had no further questions and, in response to the

---

[2] The district court asked the prosecutor the same two questions, and she also answered both questions in the affirmative.

5

trial court's query, stated that he passed the jury for cause without again challenging the juror. *Id*. On appeal, this Court held that by passing the jury for cause, the plaintiff "waived his ability to assert on appeal that the district court abused its discretion by failing to strike the juror for cause." *Id*. We stated:

> This is because "[a]ny objection to the trial court's refusal to a [sic] remove a prospective juror for cause is waived when [a litigant] does not renew his challenge for cause prior to passing the jury." Passing a jury for cause at the conclusion of voir dire "indicates [ ] satisfaction with the jury as finally constituted."

*Id*. at 139, 321 P.3d at 689 (citations omitted).

At the conclusion of voir dire, defense counsel made the tactical decision to pass the jury panel for cause. By doing so, he indicated that he was satisfied with the jury finally chosen and waived any claim that the jurors were biased against Defendant.

## III.
## Conclusion.

We affirm the judgment of the district court.

Chief Justice J. JONES and Justices BURDICK, W. JONES and HORTON **CONCUR.**

6