**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAVID LEON JOHNSON,

               Petitioner-Appellant,

   v.

JOSH TEWALT, Director of the Idaho
Department of Corrections; CARMEN
DYAS, Senior Probation Officer for
Interstate Compact Parolees, also with the
Idaho Department of Correction,

               Respondents-Appellees.

No. 22-35237

D.C. No. 1:18-cv-00216-DCN

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
David C. Nye, Chief District Judge, Presiding

Argued and Submitted April 11, 2023
Seattle, Washington

Before: BYBEE and FORREST, Circuit Judges, and SEEBORG,[**] District Judge.

David Johnson appeals the district court's denial and dismissal with

prejudice of his petition for a writ of habeas corpus. Johnson claims that, after his

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Richard Seeborg, Chief United States District Judge for the Northern District of California, sitting by designation.

original conviction was reversed and a new trial initiated, his constitutional right to a fair and impartial jury was violated when the trial court informed the jury pool there had been "a prior trial" and that the case had been "reversed and remanded." We have jurisdiction under 28 U.S.C. § 2253. Reviewing de novo, *Earp v. Davis*, 881 F.3d 1135, 1142 (9th Cir. 2018), we affirm on different grounds.

1. ***Factual and Procedural Background***. Johnson was convicted in 2006 of two counts of lewd acts with a minor child under sixteen years of age. On appeal, the Idaho Supreme Court vacated the conviction and remanded after finding the trial court had erred by improperly admitting evidence. *State v. Johnson*, 227 P.3d 918, 925 (Idaho 2010). At the start of the second trial in June 2011, the court read the following statement to the potential jurors during jury selection: "There was a prior trial in this case in 2006. Following an appeal, the Idaho Supreme Court reversed and remanded the case to this court for a new trial." Johnson was convicted again on two counts, and the Idaho Supreme Court affirmed.

Johnson filed a petition for a writ of habeas corpus in May 2018. In Claim One, Johnson argued the trial court's statement to the potential jurors had effectively informed them of his prior conviction, rendering the jury impliedly biased. The district court concluded Claim One was not procedurally defaulted, but ultimately rejected the claim on the merits, denied and dismissed the petition with

2

prejudice, and certified Claim One for appeal.

2. ***Analysis***. In assessing habeas petitions, federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). "For a state procedural rule to be 'independent,'" it "must not be interwoven with federal law," *id.* at 581 (quoting *La Crosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001)); and a state procedural rule is "interwoven with federal law" if the state "has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed," *id.* (alteration in original) (quoting *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000)).

In our view, the Idaho Supreme Court relied on a state procedural bar as an alternative to its holding on the merits. The district court believed it was "clear that the Idaho Supreme Court was not so concerned about whether its procedural ruling would be upheld on federal habeas corpus review, as it was about analyzing [Johnson's] claim thoroughly and alternatively to allow him to make the most of his day in appellate court." Without speculating about the Idaho Supreme Court's intentions, we agree with the district court that the Idaho Supreme Court engaged

3

in a thorough review of the merits. We disagree, however, that this precludes finding that the state court's decision was based on an independent and adequate state procedural ground.

The Idaho Supreme Court began its discussion on procedural default with this section heading: "*Even if* Johnson could establish an implicit bias, he waived any claim that the jury was biased when he passed the jury for cause." The state court thus plainly stated that passing the jury for cause constituted a procedural bar — regardless of any "antecedent ruling" that Johnson's rights were violated. *Bennett*, 322 F.3d at 581. Though the state court did not cabin its discussion to the state's procedural bar, it was not required to. *Id.* at 580 (citing *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989)). The fact that this section came after the merits discussion, rather than before it, may be somewhat unorthodox, but it is ultimately of no moment given what the state court actually wrote in this section: "By passing the jury for cause, Johnson indicated satisfaction with the final jury selected and waived any claim the jury was biased against him on appeal."

We also disagree with Johnson's assertion that the Idaho Supreme Court's stated procedural bar was not "clear, consistently applied, and well-established" in 2011, when the second trial occurred. *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994). While the Idaho Supreme Court specifically relied on *State v. Pratt*, 371 P.3d 302 (Idaho 2016), a case which obviously occurred after Johnson's second

4

trial, the principle *Pratt* is cited for appears to have originated at least nineteen years beforehand, if not earlier. *See Morris ex rel. Morris v. Thomson*, 937 P.2d 1212, 1215 (Idaho 1997) ("With regard to the other jurors plaintiff failed to challenge, plaintiff waived all objections to them by passing them for cause."); *State v. Bitz*, 460 P.2d 374, 378 (Idaho 1969). Johnson tries to distinguish the cases in this area to show a lack of consistent application, but we do not find these distinctions persuasive.

We thus conclude that the Idaho Supreme Court's decision upholding Johnson's conviction relied on an independent and adequate state procedural bar. Given this, there is no need to reach the merits, and we affirm the district court's denial and dismissal of Johnson's petition, albeit on different grounds. *See Opara v. Yellen*, 57 F.4th 709, 721 (9th Cir. 2023).

3.      ***Uncertified Issues***. We also decline to address either of the two issues for which the district court did not issue a certificate of appealability. Because the district court reviewed these issues on the merits, Johnson must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). He has not done so. With respect to Uncertified Issue I, we agree with the district court that the Idaho Supreme Court applied the correct constitutional harmless error standard from *Chapman v. California*, 386 U.S. 18 (1967), when it applied the

5

analogous standard from *State v. Perry*, 245 P.3d 961 (Idaho 2010). We further do not find the district court's conclusion that "there are no errors to cumulate" to be debatable or wrong. Thus, Uncertified Issue II also need not be addressed.

**AFFIRMED.**